# Randall *v.* Dunlap, Appellant.

*Will—Provision for unborn child—Act of April* 8, 1833, *sec.* 15, *P. L.* 249.

All that the Act of April 8, 1833, sec. 15, P. L. 249, requires relative to the provision for an unborn child, is that the testator shall have the child in mind and shall make clear his intention that the will shall apply to it. Any provision which does that is sufficient, and the inquiry whether large or small, equal or unequal, vested or contingent, present or future, is irrelevant and outside the jurisdiction of the courts except so far as it tends to throw light on the question of intention.

Testatrix after having made provision for her children in the last clause of her will declared as follows: "I declare this to be and contain my last will and testament, and that after-born children are herein provided for." *Held*, that the provision for after-born children was sufficient.


Argued March 26, 1907.   Appeal, No. 120, Jan. T., 1907, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1906, No. 2,435, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Samuel J. Randall in his own right as Executor and Trustee under the last will and testament of Ethel Allen Randall, deceased, v. William Dunlap.   Before Mitchell, C. J., Fell, Mestrezat, Potter and Stewart, JJ.   Affirmed.

Assumpsit for purchase money of real estate.

From the record it appeared that the defendant objected to take a deed on the ground that Mrs. Ethel Randall had not made provision for an after-born child.

The plaintiff relied upon the last clause of Mrs. Allen's will which was as follows :

" Lastly : I declare this to be and contain my last will and testament, and that after-born children are herein provided for."

In another clause, which is part of the first item of her will, the testatrix provided as follows :

" If my husband shall not survive me, I direct that the said two-thirds of the principal of my estate (which had been pre-

viously devised to him absolutely) shall be divided in equal shares absolutely amongst my children surviving me, the issue of deceased children, however, representing their parent's share only."

The act of April 8, 1833, sec. 15, is as follows :

" When any person shall make his last will and testament, and afterwards shall marry or have a child or children not provided for in such will, and die leaving a widow and child or children, although such child or children be born after the death of their father, every such person, so far as shall regard the widow or child, or children after born, shall be deemed and construed to die intestate ; and such widow, child or children shall be entitled to such purparts, shares and dividends of the estate, real and personal, of the deceased as if he had actually died without any will."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Walter E. Rex*, for appellant.—There was no sufficient provision for an unborn child : Walker v. Hall, 34 Pa. 483 ; Coates v. Hughes, 3 Binney, 498 ; Hollingsworth's App., 51 Pa. 518 ; Willard's Estate, 68 Pa. 327.

*F. S. McIlhenny* and *Horace Haverstick*, for appellee, were not heard.

Per Curiam, May 13, 1907 :

This case is ruled by Newlin's Estate, 209 Pa. 456. It was there distinctly and definitely decided that the only requirement of the Act of April 8, 1833, P. L. 249, in this respect is that the testator shall make such provision as he deems proper for the unborn child, and shall do it in such way as to show that he intended it for a provision. All that the statute requires is that the testator " shall have the child in mind and shall make clear his intention that the will shall apply to it. Any provision which does that is sufficient, and the inquiry whether large or small, equal or unequal, vested or contingent, present or future, is irrelevant and outside the jurisdic-

tion of the courts except so far as it tends to throw light on the question of intention."

In the present case the testatrix prevented all doubt as to her intention by the express declaration in her will that "after-born children are herein provided for."

Judgment affirmed.