## Conn's Estate.

*Wills—Provision for unborn child—Act of April 8, 1833, P. L. 249.*

Where a married woman provides in her will that "should the coming heir be a daughter, I request that my jewelry (except en-

gagement ring), table silver and $250 be set aside for her until eighteen years old," such provision does not apply to a boy born to the testatrix within a few days after the making of the will.

*Decedents' estates—Husband and wife—Funeral expenses.*

A husband is primarily liable for medical attendance and other expenses incident to his wife's illness and death, although she has a separate estate.

*Decedents' estates—Cemetery stone work—Husband and wife— Will.*

Where a testatrix directs that a "cemetery lot be enclosed with a coping to correspond with my mother's and a suitable headstone erected," and the husband of the testatrix in his account claims credit for the sum of $600 for the stone work in the lot, and no objection is made to the account, it will be presumed that the credit claimed was correct, and the court commits error if it surcharges the husband with $350 on the ground that $250 was sufficient.

Argued Oct. 31, 1916. Appeal, No. 162, Oct. T., 1916, by Bert T. Conn, from decree of O. C. Philadelphia Co., April T., 1915, No. 96, dismissing exceptions to adjudication in Estate of Lucy W. Conn, Deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed in part.

Exceptions to adjudication.

From the record it appeared that testatrix died on Feb. 23, 1914, leaving a will quoted in the opinion of the Superior Court. On Feb. 11, 1914, she gave birth to a second son, Lane K. Conn, and on February 23, 1914, she died. Letters of administration c. t. a. were issued to decedent's husband, Bert T. Conn. The administrator in his account claimed credit for $552.50 funeral and medical attendance, and $600 for the cost of stone work in the cemetery lot. No objections were made to the account. The auditing judge for the purpose of computing the share to which the after-born son Lane K. Conn was entitled added the whole of the funeral and medical expenses, and allowed only $250 for the cemetery work thus surcharging the accountant with $350. Of the bal-

511, (1917).] Assignment of Errors—Opinion of the Court.

ance one-third was awarded to Lane K. Conn, $250 to a trustee for Bert W. Conn, and the remainder to Bert T. Conn.

Exceptions to the adjudication of DALLETT, P. J., were dismissed in an opinion by LAMORELLE, J.

*Errors assigned* were in dismissing exceptions to adjudication.

*Thomas S. Lanard,* for appellant.—The provisions of the will applied to the after-born son: Schmidth's Est., 183 Pa. 641; Castner's App., 88 Pa. 478; Hallowell's Est., 11 Philadelphia 55; Jones' Est., 211 Pa. 364; Ryall v. Hannan, 10 Bevan's Rep. 536; Newlin's Est., 209 Pa. 456.

The surcharge of $350 was error. Spring's Est., 216 Pa. 529.

No printed brief for appellee.

OPINION BY WILLIAMS, J., December 18, 1916:

The assignments of error raise three questions:

(1) The proper construction of the will of Lucy W. Conn.

(2) Whether the husband of the testatrix should pay the cost of the doctor, nurse, minister and funeral expenses.

(3) The correctness of the surcharge of $350 paid for enclosing the cemetery lot.

The will of Lucy W. Conn is as follows:

"Phila., January 28-1914

"This is my last request, that the cemetery lot be enclosed with a coping to correspond with my mother's and a suitable headstone erected.

"To my son Bert Wagner Conn I leave two hundred and fifty dollars to be used as a wedding gift, or education & business provided he develops into a good industrious boy. Should the coming heir be a daughter I

VOL. LXV—33

request that my jewelry (except engagement ring) table silver and two hundred & fifty dollars be set aside for her until 18 yrs old provided she becomes a good girl.

"Should she not develope as desired or in case of her death I leave Mothers two rings to my sister's Mary W. Powers, & Ella E. Wagner, rest to husband.

"All other possessions I leave to my husband Bert T. Conn to be disposed of as he thinks best.

"My engagement ring for him also.

LUCY W. CONN."

(1) We are of the opinion that the court below properly held that the will made no provision for the child, Lane K. Conn, who was born after the date of the will. Section 15, of the Act of April 8, 1833, P. L. 249, provides, inter alia, that "when any person shall make his last will and testament, and afterwards shall marry or have a child or children not provided for in such will, ......although such child or children be born after the death of their father, every such person, so far as shall regard the widow or child or children after-born, shall be deemed and construed to die intestate." Under this act the will must show the testator had in mind the child to be born, and make clear his intention that his will shall apply to it: Randall v. Dunlap, 218 Pa. 210. The will must make some provision for it: Fidelity Company's App., 121 Pa. 1. It is clear that the testatrix had no intention of providing for an after-born son.

(2) The husband, Bert T. Conn, was properly charged with the expenses of the last illness and the funeral expenses of his wife, Lucy W. Conn: Waesch's Est., 166 Pa. 204.

(3) The testatrix having provided "that the cemetery lot be enclosed with a coping to correspond with my mother's and a suitable headstone erected," it was a legitimate charge to be made against her estate. The auditing judge apparently so found for he allowed the sum of $250 for the purpose, surcharging the accountant with the sum of $350 in the following language "and on ac-

511, (1917).]          Opinion of the Court.

count of cemetery—stonework (an allowance of $250 only out of an estate of this size appearing reasonable)." The auditing judge said in his adjudication: "There was no objection to the account which consists solely of personal property." The accountant had claimed credit in his account for the sum of $600 for the stonework in the cemetery lot.

Ordinarily the items of charge and discharge in an account filed by an administrator or executor, being verified by oath, are prima facie proof of their correctness. This is particularly so in this case because the testatrix directed what should be done and it must be presumed, there being no evidence to the contrary, that the accountant did the work directed by the will and that the amount charged was proper. We are, therefore, of opinion that the lower court erred in surcharging the husband of the testatrix with the $350 on the stonework item.

The decree of the Orphans' Court, as to the surcharge of $350 for stonework, is reversed, and the record remitted to the court below with direction to amend the decree of distribution in accordance herewith. The costs of the appeal to be paid by the estate.