Smith's Estate.

*Eric A. McCouch*, for exceptions.

*MacCoy, Evans, Hutchinson & Lewis*, contra.

HENDERSON, J., Oct. 28, 1930.—A careful examination of the record and of the able and very helpful briefs presented by both sides, leads us to conclude that the Auditing Judge was right and for the reasons given by him.

It was vigorously urged that the power of consumption given to this widow might result in the gift to the after-born child proving illusory. Randall *v.* Dunlap, 218 Pa. 210, rules this case. Under Mrs. Randall's will, her estate, with the exception of a small provision for an aunt, was left absolutely to her husband, who survived her. In the event that he did not survive her, she directed that her estate "shall be divided in equal shares absolutely amongst my children surviving me. . . ."

She further directed: "Lastly: I declare this to be and contain my last will and testament, and that after-born children are herein provided for."

This case is much stronger than the instant one, in that under the will the after-born child took nothing.

Subsequent to the decision in Randall *v.* Dunlap, the executor's account in the Randall estate came before this court for audit and adjudication, and the aforesaid ruling was here followed, the former appeal having been taken from a ruling of the Court of Common Pleas in a suit to recover the purchase money under a contract for the sale of real estate.

The exceptions are dismissed and the adjudication is confirmed absolutely.