## Snowdon v. Scranton-Lackawanna Trust Co., Guardian

*Gerald Dolphin*, for plaintiff.
*George W. Ellis*, for defendant.

EAGEN, J., December 18, 1942.—Plaintiff sued defendant as guardian of the estate of a feeble-minded person to recover the fair and reasonable cost of burying the wife of the ward. We are here concerned with an affidavit of defense raising questions of law which contends no cause of action is pleaded. The question raised, therefore, is simply whether or not the estate of an incompetent person is liable for the expense of burying said person's wife. It is admitted that no meeting of the minds occurred between the parties, but plaintiff contends that defendant is liable on a "contract implied in law". In Cronin's Case, 326 Pa. 343, 350 (1937), the Supreme Court said:

"At common law the incompetent's estate was liable for necessaries supplied, on the ground, as was said, that the law implied an obligation on the part of such person to pay for necessaries out of his property . . ." See also Smith's Case, 298 Pa. 358 (1930). Is the cost of burying one's wife, therefore, recognized by the law as a "necessity" for which the husband is liable? We believe so. In Waesch's Estate, 166 Pa. 204 (1895), it was held (syllabus):

"A husband is primarily liable for medical attendance and other expenses incident to his wife's illness and death, although she has a separate estate."

See to the same effect Conn's Estate, 65 Pa. Superior Ct. 511 (1916), and also 30 C. J. 606, §156. This is well-established law and no authority has been called to our attention which relieves him of this liability because of the husband's incompetence.

Wherefore, December 18, 1942, the affidavit of defense raising questions of law filed by defendant is overruled and defendant is given 10 days from the date hereof to plead over on the merits of the action.