### Fermier v. Aubrey

Before Hourigan and Olszewski, JJ.

*Israel T. Klapper,* for plaintiff.

*James V. Senape, Jr.,* for defendant.

HOURIGAN, J., October 21, 1969.—This matter is before the court on the preliminary objection of defendant, Alfred W. Aubrey, to dismiss the complaint.

Carolyn H. Aubrey died on October 27, 1967. She was the wife of defendant. Plaintiff, a funeral director, and a nephew of decedent, was a coexecutor and beneficiary under her will, and under paragraph 9 of the will was to have charge of all funeral arrangements. The will provided that the executors were to pay the funeral expenses.

Paragraph 5 of the complaint alleges, in part, that "the plaintiff, William H. Fermier, provided the funeral services and interment for the said Carolyn H. Aub-

rey at the special instance, request and authority of the defendant, her husband. . . ." For said services and interment, plaintiff seeks $2,566.

Neither plaintiff nor the coexecutor probated decedent's will. When a citation was issued October 4, 1968, on the coexecutors, they renounced their right to letters testamentary.

It is a well-settled rule that a husband is primarily liable for his wife's funeral expenses, even though the wife has a separate estate: Waesch Estate, 166 Pa. 204; Kanai v. Sowa, 109 Pa. Superior Ct. 426; Conn Estate, 65 Pa. Superior Ct. 511. It is also well settled that a direction in the wife's will to pay her funeral expenses out of her estate is in relief of her husband's primary liability to pay such expenses, *as between themselves* and the exoneration from the legal responsibility is tantamount to a legacy: Sparo Estate, 8 Fiduc. Rep. 327. That is to say, the husband's liability for the funeral expenses of the wife is discharged as between the husband and the wife's estate, but not as between the husband and such creditor: Wheeler Estate, 16 Pa. C. C. 483. The husband is put in the position of a legatee and can demand repayment of such funeral expenses from the estate over other legatees, although not to the prejudice of other creditors of the estate: Wheeler Estate, supra, p. 484.

The complaint avers in paragraph 5 that plaintiff's services were provided "at the special instance, request and authority of the defendant, her husband." If this be so, the right of action arises out of a contract between plaintiff and defendant and this would not be the kind of action within the jurisdiction of the orphans' court even though the contract involves funeral expenses: Weaver Estate, 33 Lanc. 283.

We hold, therefore, because of the foregoing reasons, that the plaintiff may pursue his claim in the court of common pleas.