# Estate of Eva Waesch, deceased.  Appeal of John Waesch, Administrator.

*Decedents' estates—Husband and wife—Funeral expenses.*

A husband is primarily liable for medical attendance and other expenses incident to his wife's illness and death, although she has a separate estate. If the husband is insolvent the wife's estate is liable, but if there is any balance for distribution, such expenses should be deducted from the husband's distributive share of his wife's estate.

*Decedents' estates—Distribution—Illegitimates—Act of April 27, 1855.*

The act of April 27, 1855, P. L. 368, providing that illegitimate children shall inherit from their mother, makes no distinction between residents and nonresidents.

Argued Jan. 9, 1895.   Appeal, No. 382, Jan. T., 1895. by administrator, from decree of O. C., Phila. Co., Oct. T., 1893, No. 327, dismissing exceptions to adjudication.   Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

From the adjudication it appeared that decedent died intestate leaving to survive her a husband, who subsequently took out letters of administration on her estate, and an illegitimate son of full age who was a resident of Germany.   At the audit it appeared that the decedent had been a lunatic, and had been ill for some time immediately prior to her death, and that expenses had been incurred for her maintenance and burial. By the adjudication the court awarded the estate to the husband and to the illegitimate son, but directed the above mentioned expenses to be deducted from the husband's share : 3 Dist. R. 176.

Exceptions filed alleged error as follows :

" 1. In charging against the distributive share of John Waesch, the entire expense of the decedent's board and funeral expenses ; the same should have been borne by her estate.

" 2. In awarding the sum of $578.48 to Johann Herrmann, the illegitimate son of the decedent, who was a resident of Germany, as he was not contemplated by the act of 1855, Purdon, 934 pl. 40."

The following opinion was filed by HANNA, P. J.

" As to the first exception little need be said, as the liability of the husband for the funeral expenses of his wife, medical attendance upon her, etc., even although she has a separate estate, is too well settled to admit of argument.   He is primarily liable, and her estate is liable only in case he is insolvent.   But if any balance remains for distribution as in this case, then the expenses he should have paid will be deducted from his distributive share : Costigan's Estate, 13 Phila. 264; McCormick's Estate, 4 Kulp, 15 ; Wauhoup's Estate, 29 Pitts. L. J. 256 ; Darmody's Estate, 13 Phila. 207 ; Welber's Estate, 20 Phila. 8.

" The remaining exception is to the award to the illegitimate son of decedent, upon the ground that he is a non-resident foreigner, living in Germany and not contemplated by the act

of April 27, 1855, Purdon, 934, pl. 40. The act provides not only that illegitimate children shall take, and be known by the name of their mother, but they shall respectively have capacity to take or inherit from each other personal estate as next of kin, and real estate as heirs in fee simple; and, as respects said real or personal estate so taken and inherited, to transmit the same according to the intestate laws of this state. It will thus be observed, the act is general and comprehends all illegitimates, and makes no distinction between residents or non-residents within the state. If such had been the intention of the legislature, it certainly would not have been left the subject of conjecture nearly forty years. And in the absence of any such expressed intention, it is not within the province of the courts to assume that the act was intended to apply to and include only illegitimate children living within the commonwealth. As we cannot so construe the act the award was properly made.

" The exceptions are accordingly dismissed and adjudication confirmed."

*Errors assigned* were (1–2) dismissal of exceptions, quoting them.

*Charles F. Linde*, for appellant, cited: act of April 14, 1851, P. L. 615; April 27, 1855, P. L. 368; Spier's Ap., 26 Pa. 234; Nevins's Ap., 47 Pa. 232; Collom's Ap., 12 W. N. 310; Snow v. Dill, 6 W. N. 331; Harkins v. R. R., 11 W. N. 120.

*Gustavus Remak, Jr.*, for appellee, cited, on question of funeral expenses, etc.: Darmody's Est., 6 W. N. 487; Jenkins v. Tucker, 1 H. Bl. 90; Bertie v. Lord Chesterfield, 9 Mod. 31; Costigan's Est., 13 Phila. 264; Weber's Est., 25 W. N. 220; Wauhoup's Est., 29 Pitts. Leg. J. 256; McCormick's Est., 4 Kulp, 15; Hoopes' Est., 2 Chester Co. R. 67; Sawtelle's Ap., 84 Pa. 306.

On the question of illegitimacy: Act of April 27, 1855, P. L. 368; Opdyke's Ap., 49 Pa. 373; Grubb's Ap., 58 Pa. 55; Steckel's Ap., 64 Pa. 493; Woltemate's Ap., 86 Pa. 219; Neil's Ap., 92 Pa. 193.

PER CURIAM, Jan. 21, 1895:

Both of the questions presented by the specifications of error,

were rightly decided by the orphans' court.   It is unnecessary
to add anything to what has been said by the learned president
of that court, and we therefore affirm the decree on his opinion.

Decree affirmed, and appeal dismissed with costs to be paid
by appellant.