## Melot's Estate.

*Wills—Election to take against will—Husband and wife.*

1. In order that an act may amount to an election to take against a will, two things are essential: first, it must be clear that the person alleged to have elected was aware of the nature and extent of his rights; second, it must be shown that having that knowledge he intended to elect.

2. Where a husband who is the executor of his wife, with full knowledge of the facts and circumstances of the estate, files an account in which he claims credit for cash paid for the funeral expenses of his wife, in accordance with a direction in her will that they should be paid out of her estate, and files at the audit a schedule of distribution signed by himself asking the court to distribute the estate in exact accordance with the terms of the will, including the award of a legacy to himself, he cannot thereafter elect to take against the will, inasmuch as his conduct showed a clear intention to accept the provisions made for him in the will.

Argued Feb. 27, 1911. Appeal, No. 241, Jan. T., 1910, by Samuel B. Melot, from decree of O. C. Berks Co., April T., 1910, No. 11, dismissing exceptions to adjudication in Estate of Esther K. Melot, deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before BLAND, P. J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Caleb J. Bieber*, with him *Hiester A. Bowers*, for appellant.—There was no prior election in pais: Dickinson v. Dickinson, 61 Pa. 401; Anderson's App., 36 Pa. 476; Fulton v. Moore, 25 Pa. 468; Patterson's Est., 46 Pitts. L. J. 63; Allison v. Wilson, 13 S. & R. 330; Wambold's Est., 1 Kulp, 509; English v. English 3 N. J. Eq. 504; Beattey v. Byers, 18 Pa. 105; Barry's Est., 13 Phila. 310.

*F. A. Marx*, for appellees.—The appellant's election to take under the will was established by his acts: Clarke's App., 79 Pa. 376; Wise v. Rhodes, 84 Pa. 402; Scholl's App., 1 Monaghan, 572; Moore's Est., 23 Pa. C. C. R. 340; Furbush's Est., 220 Pa. 166.

OPINION BY MR. JUSTICE POTTER, May 1, 1911:

The single question raised by the seven assignments of error in this appeal, is whether appellant, who was the husband of Esther K. Melot, was bound by the terms of his wife's will. Esther K. Melot died April 5, 1909, leaving to survive her a husband and five daughters, four of them children of a former marriage, and one the child of her marriage with appellant. She left a will which was duly admitted to probate, whereby she gave her husband a smaller interest in her estate than he would receive by taking against the will. She named as executors her husband and one daughter, who both qualified, and letters

testamentary were granted to them. On February 24, 1910, the executors filed their account, which was called for audit April 4, and was audited on April 6. Ten days later, on April 16, and before an adjudication had been filed, the husband, Samuel B. Melot, filed a paper by which he refused to take under the will of his wife, and elected to take his share of her estate according to law. On April 23, four of the daughters of Mrs. Melot, all of whom were legatees under her will, filed a petition averring that the husband had accepted under the will, and praying that his election to take against it be stricken from the record. An answer to this petition and a replication were filed. The court also granted a rehearing in the matter of the audit of the executor's account. On April 25, the rehearing was had and the audit was closed, and on May 18 an adjudication was filed, in which it was held that the husband had elected, by his conduct in pais, to take under the will before filing his election to take against it; that his election was therefore ineffective, and that the balance in the hands of the accountants must be distributed in accordance with the will. The husband filed exceptions, and thereafter the court made an order granting the prayer of the petition to strike his election from the record, and dismissed the exceptions and confirmed the adjudication absolutely.

The general rules for determining whether there has been an election by matter in pais have been many times set forth. Thus in Bradfords v. Kents, 43 Pa. 474, Mr. Justice Strong said (p. 484): "That an election may be evidenced by matter in pais as well as by matter of record is certain, and it was conceded in the court below. It is true, nothing less than unequivocal acts will prove an election, and they must be acts done with the knowledge of the party's rights, as well as of the circumstances of the case. Nothing less than an act of choice intelligently done will suffice." A statement of the rule which is in line with our Pennsylvania decisions is found in 11 Am. & Eng. Ency. of Law (2d. ed.), 97, as follows: "In order that an

act may amount to an election, two things are essential: first, it must be clear that the person alleged to have elected was aware of the nature and extent of his rights; second, it must be shown that, having that knowledge, he intended to elect." That an election once made, with full knowledge of the facts, is final and conclusive, appears from the doctrine laid down in Zimmerman v. Lebo, 151 Pa. 345, where Mr. Justice WILLIAMS said (p. 349): "An election is a choice between two or more things or lines of action by one who is not entitled to all, and when made is as a general rule binding. Thus one may have a choice of remedies, a choice of the time or mode of performance of some obligation, a choice whether to affirm or disaffirm the unauthorized act of an agent, and when the choice is made the position of him who makes it is fixed. One is entitled to a full opportunity to know the situation and his rights before he can be compelled to elect; but he should endeavor to put himself in a position to make an election within a reasonable time, and when it is made it binds him and all claiming under him."

In the present case it can hardly be doubted that appellant had full knowledge of the situation. He was an executor of the will and was active in the settlement of the estate. It also appears affirmatively from the testimony that he knew what his rights were, both under the will and without regard to it. One of the acts of appellant which the court below considered evidence of his intention to take under the will, was the fact that in his account as executor appellant claimed credit for cash paid for the funeral expenses of his wife. This was in accordance with a direction in the will, and it operated to transfer the primary liability for these expenses from the husband upon whom it would otherwise rest. This payment was inconsistent with an intention on the part of appellant to take against the will. If he had not intended to accept under the will, he could not consistently have repaid to himself the amount expended for funeral expenses. The fact that he did make such repayment is therefore persuasive evidence

of his acceptance under the will. Another matter which is very significant in this connection, as evidence in support of the same conclusion, is the fact that at the audit of the account appellant submitted a distribution statement, signed by himself, asking the court to distribute the estate in exact accordance with the terms of the will, including the award of his own legacy. This action would seem to indicate conclusively his acceptance under the will, and goes far to sustain the finding of the court below. An examination of the statement, which was in the form of a petition, shows that the prayer of appellant was that distribution should be made among all the parties mentioned in the will in the exact proportion as therein directed, and that the sum of $1,000 devised to him, should be distributed to himself. After this formal recognition of the will, made with full knowledge of the facts and circumstances of the estate, it is difficult to see where there is any room for appellant to assert that he did not elect to take under the will. In Cox v. Rogers, 77 Pa. 160, the widow, who was also executrix, took credit in her administration account as follows: "By balance of personal property retained by the executrix according to the will." This action was held to be unequivocal evidence of her election to take under the will. An examination of the evidence makes it plain that up to the time of the audit, appellant had no intention of taking against the will. His change of mind in this respect was evidently due to his dissatisfaction with the provision which had been made for his daughter Laura, and the unwillingness of the other children to increase the amount which had been bequeathed to her. We are satisfied that the facts found by the auditing judge were sufficient to justify his conclusion that the conduct of the appellant from the death of his wife to the time of the audit, showed a clear and consistent intention to accept the provisions made for him in the will.

The assignments of error are overruled, and the decree of the court below is affirmed.