# McCullough's Estate (No. 2).

*Appeals—Printing of evidence—Omissions—Costs—Appellee not limited to points considered below—Orphans' court—Final decree—Acts of May 11, 1911, P. L. 279, and June 7, 1917, P. L. 363.*

1. The Act of May 11, 1911, P. L. 279, relating to the printing of evidence on appeals, was not intended to be a means of exclud-

ing evidence introduced in the court below which appellant thinks does not affect the points he intends to argue, if such evidence can properly be used to sustain the order, judgment or decree from which the appeal is taken.

2. Under the Act of June 7, 1917, P. L. 363, relating to appeals from the orphans' court, the duty of the appellate court is not merely to affirm, reverse or modify, but, after examination of the proceedings as a whole, to enter a decree according to the justice and equity thereof.

3. The effect of the act is to give opportunity for the determination of every basic question raised on the appeal, by either side, and, though appellant, in attacking a judgment or decree, is confined to points raised in the courts below, assigned for error and covered by the statement of questions involved, appellee can depend upon any point in the case to sustain the order under attack, without regard to whether such point was considered by the court below, or whether it is assigned for error or covered by a statement of questions involved.

4. Where an appeal from a decree of the orphans' court is based entirely upon one of two questions raised in that court, and the appellant, with the permission of the court, omits the printing of the evidence relating to the other question, but appellee prints such evidence, and both sides argue both questions in the appellate court, and the appeal is affirmed on the question upon which the appeal was based, the appellee will be entitled to the costs of printing the evidence omitted.

5. Under Rule 55 of the Supreme Court, all disputes as to the retaining of testimony sought to be omitted in the printing must be decided by the court below, after due notice given to the other side.

6. If, in such case, the Supreme Court is unable to say that the court below intended the testimony to be omitted, it will hold that there was no authority for such omission, and if appellee prints the omitted evidence he will be allowed the costs thereof.

Petition by appellee to the Supreme Court for order that certain expenditures for printing supplemental records be taxed as costs. No. 19, Jan. T., 1928.

*Lewis Lawrence Smith* and *Albert J. Williams* for petitioners.

*John B. Hannum,* of *Hannum, Hunter and Hannum, S. Edward Hannestad* and *James R. Wilson,* contra.

PER CURIAM, March 12, 1928:

Proceedings were instituted in the Orphans' Court of Delaware County to set aside an agreement of sale entered into between the executor of the will of Allen McCullough, deceased, vendor, and one Helen S. Hendrickson, vendee. The court below set aside the agreement. The purchaser and her assignee appealed. On January 30, 1928, we affirmed the decree. Thereafter, the vendor filed a petition alleging that he was the appellee, and asking that we order the expenses of printing two supplemental records to be taxed as part of the costs of the appeal; whereupon a rule to show cause was allowed, and it is now before us for disposition.

The issues, raised by the pleadings and evidence in the court below, were: (1) Whether the price fixed in the agreement of sale was grossly inadequate, and (2) Whether one Fox, interested with the vendee as a purchaser, was also an agent of the vendor in the sale of the property. The orphans' court found as a fact that Fox was not the agent of vendor, and the decree appealed from was based entirely upon the ground of the inadequacy of the agreed purchase price.

Upon application by appellants, the court below made an order authorizing the omission from the printed record of the testimony which related solely to the question of Fox's agency. Appellees then printed all this testimony as a supplemental record. Later it was discovered that certain other relevant matters had been omitted from the printed record, and these were printed by appellees in another book entitled "Volume II Supplemental Record for Appellees." In this court, both sides argued the question of Fox's agency, as well as that of inadequacy of price. Our opinion, however, sustained the decree on the second question only, saying

that, in view of our conclusion regarding the price, it was not necessary to consider the other matter.

Section 5 of Act of May 11, 1911, P. L. 279, 280, reads: "The appellants and appellees, by writing filed and approved by the lower court, may agree that any part of the evidence appearing in the transcript as certified and filed shall be considered as excluded therefrom upon the review of the case by the Supreme Court or Superior Court; and, if they cannot agree, the court below, upon motion of appellants and notice to appellee, may order that any part or portion of the evidence may be omitted by appellant in printing the transcript for the purpose of review in such case: Provided, however, that appellees may themselves print such evidence, which printing shall be at their own expense, unless it be otherwise ordered by the Appellate Court; or the Appellate Court may order any part or all thereof to be printed by appellant, whenever said court shall deem it necessary so to do."

The above statute is a wise one, which ought to be liberally construed. Its obvious purposes are: (1) To avoid unnecessary printing expenses; (2) to compel appellant's counsel to review the record, in advance of printing, in order to determine what parts of it are relevant to the questions about to be argued on appeal, not by him alone, but by either party; and (3) to save this court the necessity of reading wholly irrelevant matter. It was not intended to be a means of excluding evidence, introduced in the court below, which appellant thinks does not affect the points he intends to argue, if such evidence can properly be used to sustain the order, judgment, or decree from which the appeal is taken. For the reason just stated, we provided in Rule 55 of this court that "In passing on the materiality of evidence [proposed to be printed], the inquiry shall not be whether the court below deems the evidence substantial, but whether it refers to the particular conten-

tions made by the litigants," meaning any litigant interested in the appeal.

By section 22(b) of the Act of June 7, 1917, P. L. 363, 384, substantially reënacting section 2 of the Act of June 16, 1836, P. L. 683, it is provided that "The Supreme and Superior Courts of this Commonwealth shall, in all cases of appeal from the definitive sentence or decree of the orphans' court, hear, try and determine the same as to right and justice may belong, and decree according to the equity thereof." Under these statutes, we said in Shelley's Est., 288 Pa. 11, 15, "It must be remembered that this proceeding comes to us from the orphans' court, and our duty is not merely to affirm, reverse or modify, as in common law actions, but, after examination of the proceedings as a whole, to enter a decree according 'to the justice and equity thereof,' a distinction which has heretofore been held to have weight [under various cited statutes] : Drennan's App., 118 Pa. 176; Finney's App., 37 Pa. 323." The effect of this is to give opportunity for the determination of every basic question raised on an appeal by either side; and, though appellant, in attacking a judgment or decree, is confined to points raised in the court below, assigned for error and covered by the statement of questions involved, the appellee can depend upon any point in the case to sustain the order under attack, without regard to whether such point was considered by the court below (Consol. Cigar Corp. v. Corbin, 285 Pa. 273, 277, 281, 282, 283), or whether it is assigned for error or covered by a statement of questions involved.

As to the matters contained in volume II of the supplemental record, the order of the orphans' court did not authorize appellants to omit reproducing the papers and testimony thus subsequently printed by appellees. It is now argued by appellants that the order inadvertently omitted these matters, and that they were not required to be printed by our rules. Under Rule 55 of this court, all disputes as to the relevancy of the

testimony sought to be omitted must be decided by the court below after due notice given the other side. On the record before us, we are unable to say that the orphans' court intended the testimony here in question to be omitted; we must therefore decide that there was no authority for such omission. The expenditures of appellee for both items of printing are properly taxable as costs.

The rule is made absolute.