JENNIE REPETTI NOBILE, complainant-respondent,

*v.*

FRANK J. BARTLETTA and DANIEL REPETTI, defendants-appellants.

[Submitted May term, 1931. Decided October 19th, 1931.]

*Mr. Anthony P. La Porta,* for the appellants.

*Messrs. Meaney & Lifland* and *Mr. Louis Bort,* for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

This is a suit for an accounting, instituted by a wife against the executors of her husband's estate. The facts presented, which are not disputed to any extent, show that on or about the 5th day of July, 1927, the complainant and her husband, Angelo Nobile, acquired, as tenants by the entirety, a certain house and premises, situated at No. 415 Grand street, in the city of Hoboken, for which there was paid as the purchase price the sum of $14,000. The purchasers obtained $10,000 of this amount by executing and delivering a bond and mortgage covering the premises in question, to the Jefferson Building and Loan Association, of Hoboken, New Jersey, and the balance of the purchase price was paid by the husband. Angelo Nobile died on the 18th day of September, 1928, leaving a last will and testament, wherein the defendants, Frank J. Bartletta and Daniel Repetti, were appointed executors, and both qualified as such. At the time of the husband's death, there was due and owing to the said building and loan association the sum of $1,497, representing past due payments on principal and interest. There was also due the city of Hoboken the sum of $65.95 for water rents, $198.20 for taxes for the second half of the year 1927, and the sum of $294.21, representing taxes for the year 1928. Complainant was compelled to pay these various liens against the property, which totaled $2,055.35, so as to avoid foreclosure or tax sale. The complainant seeks a decree compelling the executors to contribute, from her husband's estate, a sum equal to one-half of the amount which she paid to protect the property, and also to account for the rents, issues and profits of said premises, collected by the testator, from the date the property was acquired, until the date of his death, and which were appro-

priated by him for his own use, and to pay to complainant her rightful share of any sum so collected and found due and owing on such accounting.

The executors, in their answer and counter-claim, charged, among other things, that the complainant had received a greater portion of the rent than she was entitled to; that the sum of $723.27 had been paid to her from the rent collected, a part of which sum was paid on account of the cost of a radio; that the complainant had failed to contribute or pay any part of the sums expended by her husband for the repairs and upkeep of the premises, as well as any part of the amount paid by the testator on the purchase price of the property, over and above the amount obtained by mortgage; and further, that she had not satisfied or paid the amount due on the mortgage held by the Jefferson Building and Loan Association. The defendants prayed that an accounting might be taken to ascertain what money was due and owing from the complainant to the estate, and that she be ordered and decreed to pay the amount found due, and also to satisfy the building and loan mortgage, or substitute said mortgage lien, so that the estate might be released from any liability on the bond, or to indemnify defendants by a bond with sufficient security, against any loss, by reason of any money deficiency arising out of the foreclosure of the mortgage lien.

The learned vice-chancellor held, that the complainant was entitled to an accounting of the rents and profits collected by the defendants' testate, and should receive one-half of the rents collected to the date of her husband's death, and was entitled to contribution from the estate a sum equal to one-half of the amount she had paid the building and loan association, on account of mortgage, and the city of Hoboken, for taxes and water rents. The court also found, that the payment made on the radio should be charged to the estate, for the reason that the instrument was purchased by the husband during his lifetime; and that any moneys paid by the husband as part of the purchase price of the property, or for the maintenance of same, should be presumed to be gifts from

the husband, on the proofs submitted. The court disallowed the defendants' counter-claim, wherein they sought to compel the complainant to discharge the bond and mortgage held by the building and loan association. A final decree was entered accordingly, from which this appeal is taken.

It seems to be well-settled in this state, that where the title to lands rests in a husband and wife as tenants by the entirety, the wife holds in her possession during their joint lives one-half of the estate in common with her husband, and, as between themselves, the respective rights of the parties are those of tenants in common, and the wife is entitled to an accounting of the rents collected from the common property. *O'Connell* v. *O'Connell, 93 N. J. Eq. 603; Neubeck* v. *Neubeck, 94 N. J. Eq. 167.*

The defendants contend that the court below erred in holding that the estate should pay one-half of the amount which the complainant had paid, subsequent to her husband's death, on account of the mortgage and for taxes and water rents. These liens accrued prior to the death of the husband, and while he was receiving his share of the proceeds from the rents; we think the finding was proper, as a co-tenant who discharges any valid liens against the common property is entitled to contribution for the amount which he pays beyond his just portion; and under our decisions it cannot be presumed that the payments made by the wife were intended as a gift to her husband. *Adoue* v. *Spencer, 62 N. J. Eq. 782, 793; Small* v. *Pryor, 69 N. J. Eq. 606.* On the other hand, the payment made by the husband for the purchase of the property, and the moneys which he expended for the maintenance of same, are presumed to be gifts to the wife, unless there is evidence to the contrary, and no such proof is submitted in the present case.

We concur in the vice-chancellor's action in refusing to compel the complainant to discharge the bond and mortgage held by the building and loan association, as the bond which the mortgage was given to secure, was executed by the husband, jointly with the wife; and in the event that suit was instituted on the bond, by reason of a deficit arising from the

sale, the estate would no doubt be liable, for its proportionate share.

The decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.