## Porobenski, Appellant, v. American Alliance Insurance Company of New York.

Argued November 30, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William H. Schneller,* with him *Smith & Paff,* for appellant.

*Lawrence Butz,* of *Butz & Rupp,* for appellee.

OPINION BY MR. JUSTICE DREW, January 7, 1935:

This is an action in assumpsit on a policy of fire insurance issued by defendant to plaintiff upon a barn and its contents. The policy contained the usual provision that "This entire policy shall be void . . . if the interest of the insured be other than unconditional and sole ownership." At the trial, plaintiff admitted that the property was held by himself and his wife as tenants by entireties, under a deed made to them jointly after their marriage. There was no proof that plaintiff had the entire beneficial ownership or that defendant or its agent had any notice as to how the property was held. On motion, the trial judge entered a compulsory nonsuit at the close of plaintiff's case, on the ground, inter alia, that plaintiff was not the unconditional and sole owner of the property insured. The court in banc refused to take off the nonsuit, and plaintiff appealed.

It is true that a tenant by the entirety is regarded as seised of the whole estate, and not of an undivided interest (Diver v. Diver, 56 Pa. 106; Beihl v. Martin, 236 Pa. 519; Gasner v. Pierce, 286 Pa. 529), and that the right of the survivor to the whole is considered as arising not from a new estate but from a continuation of the old: Stuckey v. Keefe's Ex'rs, 26 Pa. 397; Beihl v. Martin, supra; Gasner v. Pierce, supra. But the husband is not the sole and unconditional owner, as plaintiff contends. If he predeceases his wife, the entire estate continues in her, to the exclusion of his heirs (Diver v. Diver, supra), his grantees (Stuckey v. Keefe's Ex'rs, supra), his judgment creditors (Hetzel v. Lincoln, 216 Pa. 60), and purchasers under judgments against him: French v. Mehan, 56 Pa. 286. Under our statutes relating to married women, a purchase under

a judgment against him confers no right of possession even during the marriage (McCurdy v. Canning, 64 Pa. 39), and a conveyance by both passes title to the property free and clear of any lien or claim of his creditors: Beihl v. Martin, supra. He is not the sole owner, because his wife has rights as great as his; he is not the unconditional owner, because his interest will cease and determine if he predeceases her.

In Schroedel v. Humboldt Fire Ins. Co., 158 Pa. 459, a fire policy was taken in the name of the husband, but the property was held under a deed to the husband and wife jointly, which necessarily made them tenants by entireties. The lower court directed a verdict for defendant on the ground that the husband was not the sole and unconditional owner, and we affirmed the judgment per curiam. That case is controlling here. Plaintiff insists that it was decided on the theory of joint tenancy and that the question of tenancy by entireties was not brought to our attention. An examination of the paper books shows, however, that the plaintiff in that case conceded that the tenancy was by entireties, but argued that under such a tenancy the husband was the unconditional and sole owner. The affirmance of the judgment for defendant was a rejection of that contention.

It follows that the nonsuit was properly entered, for the reason that plaintiff was not the unconditional and sole owner of the property insured. In this state of the case it is unnecessary to pass on the other questions argued by the parties.

*Judgment affirmed.*