## Zipperlein Estate.

Argued January 5, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL and LADNER, JJ.

*Francis J. Gafford,* Deputy Attorney General, with him, *Elgin E. Weest,* and *Charles J. Margiotti,* Attorney General, for appellant.

*R. Winfield Baile,* with him *George W. Thompson,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 25, 1951:

Testatrix devised and bequeathed all of her estate, real and personal, to her stepson and his wife as "tenants by the entireties, their heirs and assigns forever in fee absolutely." At what rate is this testamentary gift taxable under the Transfer Inheritance Tax Law of June 20, 1919, P.L. 521, §2, as amended? The court below decided this question in favor of the 2% rate on the entire bequest,—a conclusion which, in our opinion, is erroneous.

The Act provides that the tax shall be at the rate of two per centum upon property passing "to or for the use of father, mother, husband, wife, children, . . . children of a former husband or wife, or the wife or widow of the son, of a person dying seized or possessed

thereof. . ."; and at the rate of ten per centum on property passing "to or for the use of any other person or persons, bodies corporate or politic." If, therefore, the gift in this case had been made to the stepson alone it would have been subject only to a 2% direct inheritance tax by virtue of the clause "children of a former husband or wife"; had it been made to the stepson's wife alone it would not have fallen within the 2% class, she being the wife, not of the son but of a stepson, and children and stepchildren are clearly distinguished in the Act.

It is well established that where an estate is held by the entireties the husband and the wife do not each own a one-half share or any divisible part of the property, but both own the whole of it; each is seized *per tout et non per my*: *Madden v. Gosztonyi Savings & Trust Co.*, 331 Pa. 476, 200 A. 624; *C. I. T. Corporation v. Flint*, 333 Pa. 350, 5 A. 2d 126; *Gallagher Estate*, 352 Pa. 476, 43 A. 2d 132; *Use of United States National Bank v. Penrod*, 354 Pa. 170, 47 A. 2d 249. But in considering, from a practical standpoint, the question as to the proper tax to be imposed under the 1919 Act, the stepson and his wife must be regarded as each having a one-half interest in the bequest, with the result that the tax on his half share will be at the rate of 2% and the tax on her half share at the rate of 10%.

It has been suggested that the stepson's wife could renounce her interest in the gift, thereby leaving the bequest to devolve entirely upon the stepson and thus bringing it wholly within the 2% group, and thereafter the stepson could re-create with his wife a tenancy by the entireties,—an idea derived from the decision in *Bute Estate*, 355 Pa. 170, 49 A. 2d 339. There it was held that, when a beneficiary renounces his legacy, he is absolved from any obligation to pay a transfer inheritance tax thereon and the succession becomes tax-

able only in accordance with the ultimate devolution of the property. In that case, however, the renunciation of the legacy was bona fide and not a part of any palpably evasive scheme such as that here suggested; moreover, the stepson's wife in the present case has not in fact disclaimed her interest in the bequest.

The decree of the court below is reversed and the record is remanded with direction to decree that the bequest is subject to the 2% tax on half thereof and to the 10% tax on the other half thereof; costs to be paid by the appellees.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

It would often be very advantageous for the people of Pennsylvania if a court had the right to rewrite wills and statutes and to dispense equity and justice in each case. However, that is not and never has been the province or privilege of the Supreme Court of Pennsylvania.

The majority opinion ignores the language of the taxing statute and the long and well recognized legal entity "estate by entireties" in order to arrive at a more equitable result in this particular case.

An "estate by the entireties" has been recognized for over a century as "a distinct legal entity, . . . a venerable institution of the common law; it rests upon instincts which form the very warp and woof of our domestic and social fabric": *C.I.T. Corporation v. Flint*, 333 Pa. 350, 354-5, 5 A. 2d 126; "Its essential characteristic is that each spouse is seized per tout et non per my i. e. of the whole or the entirety and not of a share, moiety, or divisible part": *Gallagher Estate*, 352 Pa. 476, 478, 43 A. 2d 132.

Tax acts sometimes contain provisions which are inequitable, unjust, illogical and irritating. The fact that this construction will produce inequity in the in-

stant case is no justification for ignoring the language of the Act or nullifying our prior decisions with respect to "tenancies by the entireties".

This bequest—not being to a person or persons who are designated as subject to a 2% tax—clearly and necessarily falls within the provision of the Act that subjects all other testamentary gifts to taxation at the 10% rate; and hence at said rate it must be taxed.