## Fell Estate

*Frederick B. Smillie*, for accountants.

*Samuel H. High, Jr.*, for estate of Frederick N. Fell.

VAN RODEN, P. J. (specially presiding), April 5, 1955.—At the audit of the first and final account of the executors of the will of present decedent, Alice B. Fell, who died March 10, 1953, the court was requested to determine the liability for the payment of the funeral expenses incidental to the burial of the decedent. The reason for this request is that the accountants requested payment thereof by the executors of the estate of Frederick N. Fell, late husband of present decedent, who had died August 20, 1931, and were refused.

Decedent's husband, Frederick N. Fell, died in 1931, which was more than 21 years prior to her death. By his will, after appointing his wife and his brother as executors and trustees, he provided as follows:

"Second. I order and direct my executors to pay all my just debts and funeral expenses as soon after my decease as conveniently may be done, including suitable tombstones or monument over my grave; and at the death of my wife, to pay her funeral expenses and erect similar tombstones over her grave out of my residuary estate."

The residue of his estate he directed to be held in trust, to pay the income to his wife for her life, and then to pay the income to his brother for his life. The brother is still living and the trust for him continues.

In her will testatrix provided:

*"First:* I order and direct the payment of all my just debts and funeral expenses as soon as conveniently may be after my decease."

*"Sixth:* I give and bequeath the sum of Three Hundred ($300.00) Dollars to the Montgomery Cemetery Association, in trust nevertheless, to use the income thereof for the perpetual care of the Bard cemetery lot upon which I will be buried."

The contention of counsel for the accountants is that where the husband provided in his will for the payment of his wife's funeral expenses, his estate is liable for the payment of such expenses regardless of the fact that the wife provided for the payment of her funeral expenses out of her own estate in her will.

An adjudication was filed November 23, 1954, in which the court held, inter alia:

"The husband having predeceased his wife, there was no legal liability on him or his estate to pay her funeral expenses.

". . . the provisions in the will of the testatrix for the payment of her funeral expenses, and for the care of the burial lot, supersede the provisions made therefor by her husband, and I direct that the funeral expenses of the testatrix be paid out of the balance for distribution as shown by the present account."

Some eleven exceptions have been filed to the adjudication, all of which refer to the action of the auditing judge in failing to hold the estate of the husband liable for the funeral expenses of his wife, the present decedent.

In support of his contention, counsel for exceptant argues that it is well settled in Pennsylvania that a surviving husband is primarily liable for the funeral expenses of his wife. He cites the Estate of Eva Wäesch, Deceased, 166 Pa. 204 (1895), and Dowler Estate, 368 Pa. 519 (1951), as well as a number of other decisions, including Mitchell's Estate, 79 Pa. Superior Ct. 208 (1922), in which the court held that where the surviving husband took against his wife's will he could not claim the benefit of testatrix's direction that her (debts and) funeral expenses be paid out of her estate. We must agree that the law as expressed in these cases is well settled. But in the instant case, the situation is quite different. Here we do not have a case of a *surviving husband* seeking to be relieved of his primary responsibility to pay his deceased wife's funeral expenses.

The court is unable to agree with the reasoning of the learned counsel's argument, that, although if the husband had survived this decedent, the provision in her will would have operated to relieve him of his liability to pay her funeral expenses since such a provision is in the nature of a legacy to him, nevertheless his failure to survive prevented him from receiving such a legacy.

Neither can we agree with the argument that the present decedent assumed, with the other executors, the duties as trustee, knowing that one of the provisions of the trust was the payment of decedent's funeral expenses, and for that reason she would be unable to direct in her own will that *her* estate, and not the estate of her deceased husband, should be responsible for her funeral expenses. The fallacy of this reasoning seems to be self-evident.

The court cannot brush aside any of the provisions of this decedent's will, including her express direction that her funeral expenses be paid by her executor, and

cannot treat such a provision as "simply a perfunctory, stereotyped phrase used in all wills". At the time she executed her will Alice B. Fell was fully aware of the provisions for payment of her funeral expenses contained in her husband's will. She was not only a beneficiary thereunder, but was also an executrix and trustee. In determining the intention of a testatrix the entire will must be considered and when the two provisions relating to the payment of her funeral expenses and the cemetery in which she desired to be buried are considered together, it is clear that Alice B. Fell was not only providing for payment of her funeral expenses, but was also providing for the perpetual care of the family plot in which she intended to be and was buried. Considered together these two provisions show a clear intention to repudiate the provisions of her husband's will and make specific provisions for payment of her own funeral expenses out of the assets of her own estate.

Accordingly, the claim of the accountants that the funeral expenses should be paid by the estate of Frederick N. Fell cannot be sustained, and the court holds that the liability for such payment is that of the estate of Alice B. Fell, present decedent.

Therefore, the court makes the following

*Order and Decree*

And now, April 5, 1955, it is hereby ordered, adjudged and decreed as follows:

1. The 11 exceptions filed by the Philadelphia National Bank, successor by merger to the Montgomery National Bank of Norristown, and LaRoy Master, executors under the will of Alice B. Fell, deceased, be and the same are hereby dismissed.

2. The provisions of the adjudication of the court dated November 23, 1954, are hereby ratified and confirmed absolutely.