## Uhrich Estate

*Fox, Differ & Honeyman,* for accountant.
*Daniel L. Quinlan,* for Commonwealth.

TAXIS, P. J., April 3, 1956.—Decedent died March 21, 1955, leaving a will dated February 7, 1955, upon which the present letters were granted to the accountant, who was appointed sole executor.

The account shows a balance for distribution of $9,542.37, composed of real estate situate at 505 West Elm Street, Norristown, valued at $6,500, personal effects of the inventory value of $78 and cash.

The accountant requested and is allowed two additional credits totaling $19.57 for items expended since the filing of the account as set forth under paragraph 11 of the petition for adjudication.

The accountant submitted to be surcharged with $23.41 representing refund on 1955 Federal income tax.

The payment of $166.25 on account of transfer inheritance tax was duly vouched. Final assessment of

said tax is awaiting this court's ruling on the rate of transfer inheritance tax to be assessed against the real estate and a legacy of $2,000 in circumstances hereafter related. The balance of said transfer inheritance tax as hereinafter found to be due, is awarded to the register of wills.

At the audit, the Commonwealth and the accountant submitted for determination a question which arises in the following circumstances: By item 2 of her will, testatrix devised to Margaret Mullen and Richard Mullen, as tenants by the entireties, premises 505 West Elm Street, Norristown. Margaret Mullen is the daughter of testatrix. Richard Mullen, by writing dated March 8, 1955, renounced and disclaimed all interest in the devise of this real estate, the effect of which is to vest fee simple title in Margaret Mullen.

By item 3 of her will testatrix bequeathed the sum of $2,000 to her daughter and son-in-law, Mary Hartman and John Hartman, as tenants by the entireties. John Hartman, by writing dated March 8, 1955, renounced and disclaimed all interest in this bequest, the effect of which is to vest ownership of the entire legacy in Mary Hartman.

The Commonwealth takes the position that the undivided interest of the two sons-in-law should be taxed at the 15 percent rate instead of at the rate of two percent as urged by the accountants, that the renunciations should be ignored, citing what is admittedly a dictum in Zipperlein Est., 367 Pa. 622, to the effect that such tax avoidance is an "evasive scheme".

The issue is ruled by Bute Estate, 355 Pa. 170, wherein it was held that a beneficiary may renounce his legacy and be absolved from any obligation to pay a transfer inheritance tax. In such circumstances the transfer becomes taxable only in accordance with the ultimate devolution of the property. The rate of two percent on the entire bequest and the entire devise is

the proper rate therefor and I so hold. The language at page 625 of Zipperlein Estate, supra, alluded to by the Commonwealth is pure dictum and as such not binding on this court.

The renunciations of the two sons-in-law must be presumed to be valid and bona fide. The burden is on the Commonwealth to submit evidence to change that status if it is able to do so. There is not a scintilla of evidence in this case establishing these renunciations as being an "evasive scheme". See Fiduciary Review, July 1951, and December 1946.

The net ascertained balance for distribution is awarded in accordance with the suggested schedule of distribution which appears under paragraph 11 of the petition for adjudication and it is ordered and decreed that Margaret Mullen, executrix, as aforesaid, forthwith pay the distributions in accordance with said suggested schedule of distribution.

The account is confirmed.

And now, April 3, 1956, this adjudication is confirmed nisi.