**Pink Estate**

*George F. Taylor*, for accountant.
*Rochelle Friedman*, for exceptants.
*Robert D. Ferguson*, for widow.

BOYLE, *J.*, June 10, 1975—Objections are filed to the first and final account of the executor now before the court for audit. Questions are presented as follows:

1. Under the codicil to decedent's will, does the widow take one-third of the gross estate or one-third of the net estate?

2. Should the executor be surcharged for reimbursing the widow one-half of the apartment rents in the amount of $2,025?

3. Should the executor be surcharged for payment to the United Jewish Federation, of the balance of an oral pledge of decedent in the amount of $500?

Herman A. Pink and Hannah W. Simon entered into certain antenuptial agreements on December 7, 1970. These agreements are not now material to the decision of the questions in this case. Herman and Hannah then married on December 13, 1970. On the same date, but after the marriage, decedent,

Herman A. Pink, signed his will. In paragraph "Second" of his will, decedent bequeathed the sum of $2,500 to his wife, Hannah. In paragraph "Third" of his will, decedent bequeathed to others his books, personal effects and tangible personal property. Decedent executed a codicil to his will on March 22, 1972, in which he provided as follows:

"First: I hereby revoke Paragraph Second of my Will dated December 13, 1970 and in lieu thereof substitute the following paragraph:

"Second: Exclusive of the assets bequeathed in Paragraph Third of my aforesaid Will, I give, devise and bequeath to my wife, HANNAH W. PINK, one-third of my estate, real, personal and mixed, and wheresoever situate, providing she survives me. . . ."

Herman A. Pink died on July 23, 1972, survived by his widow, Hannah, and other heirs. His will was duly probated in Allegheny County and letters testamentary were granted to Mellon National Bank and Trust Company (now Mellon Bank, N.A.). An inventory and a first and final account were filed by the executor. A number of objections were filed to the account by two of the residuary beneficiaries. Objections 2, 5 and 6 were withdrawn by counsel. Objections 4, 8 and 9 were dismissed by the court at the audit. There remains to be considered the merits of objections 1, 3 and 7, which pose the questions stated at the head of this opinion.

The first objection is the following:

"1. Based upon the amount of the marital deduction claimed by the accountant in the federal estate tax return, upon which return the accountant claims to have paid in full the federal estate tax

liability of this estate, the accountant has misinterpreted paragraph second of the codicil of decedent to mean one-third of the gross inventoried estate minus tangible property, whereas the language as set forth in said paragraph, i.e., 'one-third of my estate, real, personal and mixed and wheresoever situated . . . .' should be interpreted to mean one-third of the net estate."

The auditing judge holds that the bequest to the widow, Hannah W. Pink, in the codicil, is a legacy and not a gift of a share in the residue of the estate. The gift to the widow is, therefore, one-third of the gross estate and not one-third of the net estate. See Thompson's Estate, 229 Pa. 542, 79 Atl. 173 (1911).

Objection 1 will be dismissed.

The third objection is the following:

"3. The accountant has wrongfully disbursed to Hannah W. Pink, the widow of decedent, reimbursement for one-half the share of the apartment rents in the amount of $225 per month from August, 1972 through and including April, 1973, for a total wrongfully disbursed amount of $2,025, without regard for setting-off the value of the total use of the lease-hold that inures solely to the benefit of decedent's widow."

The third objection proposes a surcharge against the executor for reimbursing the widow for one-half of the share of the apartment rents in the amount of $225 per month from August 1972 through and including April 1973, making a total reimbursement in the sum of $2,025. After the Pinks married, they moved into an apartment occupied by Hannah for which she had signed a lease at a rental of $450 per month. Thereafter, the lease was renewed by decedent and Hannah. At the date of Herman's death on July 23, 1972, the unexpired term of the

lease at $450 per month was from August 1972 until the end of April 1973. The testimony establishes that the widow endeavored to find a tenant to whom the apartment might be sublet and for this purpose inserted an advertisement in the newspaper. The landlord had other vacant apartments and was not able to rent this apartment until some time after the Pink lease terminated. Decedent had signed the lease with his wife and was liable with her for the rent payable thereunder. In this respect the case at bar is analagous to Dowler Estate, 368 Pa. 519, 84 A. 2d 209 (1951), where a husband and wife executed a purchase money mortgage at the time they acquired title as tenants by the entireties to their residential real estate. In Dowler it was held that the husband was entitled to contribution from the estate of the deceased wife for one-half of the mortgage debt which he was required to pay.

Objection 3 will be dismissed.

The seventh objection is the following:

"7. The accountant has wrongfully paid a pledge to the United Jewish Federation in the amount of $500, which pledge is unenforceable and should not have been considered a debt of the estate."

The seventh objection is based on whether a surcharge should be made against the executor for the balance of $500 paid to the United Jewish Federation for the 1972 oral pledge made by Dr. Pink. The auditing judge holds that no surcharge should be made. There was actual consideration here, since the testimony shows that, at the end of the campaign, the proceeds of the campaign were allocated to various charitable institutions on the basis of the pledges received. See Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361, 58 Atl. 689 (1904).

Objection 7 will be dismissed.