## Tracy et al. v. Central Trust Company

*William S. Bailey, John A. Brown,* and *Joseph J. Brown,* for appellants.

*Metzger & Wickersham,* for appellee.

Fox, J., March 30, 1937.—In this case counsel for plaintiffs, in pursuance of Supreme Court Rule 55, filed, on March 9, 1937, in the court below, a statement of the question to be argued on the appeal and of evidence not to be printed, and gave notice thereof as required by the rule to the counsel for defendant, by whom the 10 days' written notice was waived. On March 19, 1937, counsel for plaintiffs filed "An explanation of the statement of the case to be argued on appeal and of evidence not to be printed". Counsel for defendant lodged with the court exceptions to the statement of the evidence which appellant does not intend to print, defendant contending because the bill was dismissed all of the evidence should

be printed; whereupon a day was fixed by the court to hear them, and they were heard by the court.

The chancellor, in his opinion, made 39 findings of fact, and upon those findings of fact were based his conclusions of law. A stipulation was also filed by the parties as to the said facts and to the printing of one exhibit. To the findings of fact defendant filed but one exception, and that was to the finding of fact no. 14½, and upon due consideration the chancellor eliminated that finding of fact. Defendant filed no exceptions to his failure to find other facts, whether or not requested. Plaintiffs filed a number of exceptions to the findings of fact and to failure to find certain facts. Since then, however, they have waived all objections, except as to finding of fact no. 13, and in their statement of testimony to be printed they have included all of the testimony taken relating to this finding. The said finding of fact no. 13 is as follows

"That the practice adopted and used by the defendant in connection with the mortgages in question was the practice in vogue in all parts of Pennsylvania, excepting Philadelphia County, before and during the time of the investments made in the instant case."

Plaintiffs have declared to the court that they now rely solely upon our finding of fact no. 13. It is limited in its argument in the appeal to the testimony relating thereto.

The purpose of findings of fact by a chancellor is to provide a basis for the conclusions of law and the decree, and under rule 55 we are of the opinion that the evidence proposed to be printed by plaintiffs is the only evidence referring to the finding of fact no. 13.

In support of the exception or objection to the statement of evidence which appellant does not intend to print, attorneys for defendant have called our attention to the case of McCullough's Estate (No. 2), 292 Pa. 422. In that case the testimony relating to one of the questions was not included in the record printed by appellant but was subsequently printed by appellees, and argument was had upon that question by both sides of the case; it was held

that the cost of printing should be included in the cost of the appeal. Other relevant matter was omitted by appellant, although it was not ordered to be omitted by the court below. This was printed by appellee, and the Supreme Court held that the cost was properly part of the cost of appeal. Speaking, in the above-mentioned case, of the Act of May 11, 1911, P. L. 279, which gave rise to the said rule, the Supreme Court said:

"The above statute is a wise one, which ought to be liberally construed. Its obvious purposes are: (1) To avoid unnecessary printing expenses; (2) to compel appellant's counsel to review the record, in advance of printing, in order to determine what parts of its are relevant to the questions about to be argued on appeal, not by him alone, but by either party; and (3) to save this court the necessity of reading wholly irrelevant matter. It was not intended to be a means of excluding evidence, introduced in the court below, which appellant thinks does not affect the points he intends to argue, if such evidence can properly be used to sustain the order, judgment, or decree from which the appeal is taken."

In this case the chancellor dismissed the bill, and, in support of the exception to the statement of evidence that the appellant does not intend to print, cites the case of Sauber v. Nouskajian et ux., 286 Pa. 499.

In that case the court below dismissed the bill because the evidence was insufficient; there were no exceptions to the action of the court and plaintiff filed a new bill with like averments; there was no stenographic report of what occurred when the second bill came before the court without proper proofs of the previous case. The court took judicial notice of it and held the matter to be res adjudicata and dismissed the bill, from which an appeal was taken. There was no record for the Supreme Court to act upon except the lower court's statement that the same matters were covered in both bills, and that the testimony was insufficient to grant relief. The Supreme Court

said that it is important to have proper records to determine whether the action of the lower court was correct.

In the instant case the record is complete and the findings of fact give a complete statement of the evidence and showed the action of this court in its conclusions of law. This is true as to finding of fact no. 13, and we are of the opinion that the evidence proposed to be printed is all of the evidence which relates to the finding of fact no. 13, and to the question to be argued. Neither of the above stated cases is applicable to the present case.

And now, March 30, 1937, upon due consideration, it is hereby ordered, adjudged and decreed that the exceptions filed to the statement of evidence which appellant does not intend to print are overruled, and that the evidence set forth in plaintiff's statement of questions to be argued on appeal, filed March 9, 1937, shall be printed in the record on the appeal in this case and all other evidence shall not be printed.