Opinion by
 

 Baldrige, J.,
 

 
 *462
 
 This appeal is from the decree of the court below granting equitable relief to the plaintiff who filed a bill in equity praying (1) for an injunction to restrain the defendant from encumbering or disposing of a half interest in premises known as 816 Wynnewood Road, Philadelphia, purported to be conveyed to the defendant by a certain deed of trust executed by the plaintiff; (2) for a decree declaring the deed of trust null and void; and (3) to restrain the recorder of deeds from delivering the deed of trust to the defendant.
 

 The evidence discloses that Carrie V. Dewees sold and conveyed to Charles W. Williamson, the plaintiff, premises known as 816 Wynnewood Road by deed dated May 2, 1938, recorded April 17, 1939, in Deed Book D. W. H. No. 694, page 309, in consideration of the sum of $100 subject to an existing mortgage. The defendant’s father, Frank I. Barrett, with whom the plaintiff had previous business dealings, informed Williamson that the property in question was about to be foreclosed on a mortgage and could be bought for a reasonable sum, subject to the record encumbrance. Williamson came to Philadelphia, saw the property, then met Mrs. Dewees the owner, paid her $100, the cash consideration, and she executed and delivered to him a deed for the property. He also gave $50 to Frank I. Barrett in full for his services.
 

 Barrett, shortly thereafter, came to plaintiff’s office at Marcus Hook and stated he had sold his home located across the street from the Wynnewood Road property, and asked Williamson’s permission to move into the vacant second floor apartment of 816 Wynnewood Road, until his house in Drexel Hill was ready. Plaintiff agreed to allow Barrett to occupy for two months this apartment without rent. Barrett and his family moved in and they have remained there without paying rent until the present time, refusing to comply with plaintiff’s request for possession of the premises.
 

 
 *463
 
 On January 2, 1940, there was recorded an instrument purported to be a deed of trust from plaintiff to Roydon M. Barrett, the defendant herein, dated May 2, 1938, for one-half interest in the Wynnewood Road property. On January 9, 1940, the plaintiff filed the present bill in equity.
 

 The principal issue before the court below was whether or not that deed was a forgery. According to the plaintiff’s testimony he never executed or acknowledged the alleged deed of trust, did not know either Walter B. Richards, the notary before whom the acknowledgment appears to have been taken, or Roydon M. Barrett, and never had any business relations whatever with the latter. He exercised ownership over the property he had purchased. Mrs. Lonergan was collecting the rents, keeping it clean, and when any repairs were necessary she was authorized to have them made, and the bills were sent to him. Two receipts were admitted in evidence showing that plaintiff paid $20 to Frank I. Barrett for repairs on two different occasions.
 

 Leon W. Melcher, a handwriting expert, after comparing the purported signature of Williamson in the challenged deed of trust with his admitted genuine signatures, testified that in his judgment the name in the deed of trust was a forged writing.
 

 Walter B. Richards, a notary public, testified that according to his recollection Lambert came to his office accompanied by two men, who were then introduced to the witness. The one was the elder Barrett and the other man executed the deed as “Charles W. Williamson” and he took his acknowledgment. The witness stated that after two years he was unable to identify Williamson as the man who had acknowledged the deed before him.
 

 Frank I. Barrett testified that Francis J. Lambert, the conveyancer, drew the deed from Mrs. Dewees to Williamson and the deed of trust. They were both to
 
 *464
 
 be written on May 2, 1938, the date appearing in each, but Lambert was too busy then to write the latter that day. Williamson paid Mrs. Dewees $100 and Lambert $10 for preparing two deeds. A couple days thereafter Lambert gave the deed of trust to him and he took it to Williamson, who signed it and he witnessed it. Williamson then gave the deed to him and about May 5 or 6,1938, he delivered it to Lambert, who said he would attend to having it notarized; that on July 10, or thereabout, Lambert told , him the deed of trust was ready in his office where he went and got it. Barrett said also that he had no knowledge of whether Williamson ever saw Bichards, the notary public. He denied he was present when Bichards took the acknowledgment of the deed of trust, thus contradicting the testimony of Bichards.
 

 Boydon M. Barrett, the defendant, testified that he had paid his father $125 for a half interest in the property, but that Williamson, whom he never saw before the trial, was not then present.
 

 Williamson, in rebuttal, denied that Frank I. Barrett px*esented, or asked him to sign, a deed of trust, and ever seeing or acknowledging such instrument.
 

 Lambert, the conveyancer, called by the plaintiff, said that he neither prepared the deed of trust as stated by Barrett, nor saw it executed, but that after it was signed Barret brought it to him and he delivered it to Bichards, unaccompanied by either Williamson or Barrett. His testimony was not in accord with Bichards’ respecting those present when the acknowledgment was taken. No one was able to testify positively that the plaintiff was the person who acknowledged the deed.
 

 Attention was drawn to the fact that this deed was not placed of record until January 2, 1940, one and one-half years after the execution, notwithstanding the defendant and his father had experience in real estate transactions. The chancellor concluded, after a review
 
 *465
 
 of the testimony, that the signature to the deed of trust was forged.
 

 Exceptions to this decree were overruled by the court en banc and the findings and conclusions of law of the chancellor were affirmed.
 

 The facts, over which there was a vigorous controversy, were for the chancellor’s determination. We have not referred to all of the testimony adduced, but it has been considered and in our judgment the findings were amply sustained by competent evidence. They must be accepted; we cannot overrule them. The rule that findings by the chancellor, approved by the court en banc, shall have the force and effect of a verdict of a jury and are not to be disturbed if there is evidence to support them, has been frequently recognized and repeated by our courts:
 
 Malanchuk et al. v. St. Mary’s Greek Catholic Church of McKees Rocks et al.,
 
 336 Pa. 385, 396, 9 A. 2d 350;
 
 Morris v. Featro et al.,
 
 340 Pa. 354, 359, 17 A. 2d 403.
 

 The appellant argues that the testimony offered by the plaintiff was insufficient to successfully impeach the notary’s official act. A notary public’s certificate is prima facie evidence of the due execution of a written instrument, but it is not conclusive in a case of fraud or forgery. It does not prevent the showing that in truth the one alleged to have made the acknowledgment never appeared before the notary:
 
 Smith v. Markland,
 
 223 Pa. 605, 629, 72 A. 1047. It may be rebutted, but clear and satisfactory proof is required:
 
 Steel et al. v. Snyder et ux.,
 
 295 Pa. 120, 128, 144 A. 912. If such a high standard of evidence is submitted the court cannot say as a matter of law that the challenged instrument is valid:
 
 Pusic v. Salak et al.,
 
 261 Pa. 512, 518, 519, 104 A. 751;
 
 Commonwealth v. Snyder,
 
 123 Pa. Superior Ct. 523, 536, 187 A. 254.
 

 The proof that Williamson’s signature was forged
 
 *466
 
 and that he never acknowledged the deed was entirely adequate.
 

 The appellant asserts that he is an innocent grantee who took the deed in good faith, has spent certain amounts of money for repairing the property, and that his legal status is not affected by the alleged forgery.
 

 He may be entirely guiltless of wrongdoing, but the plaintiff, on the other hand, is not to be the victim of a forged instrument and thereby be deprived of his property “no matter what may be the bona lides of the party who claims under it.”
 
 Smith v.
 
 Markland, supra, p. 631. “In the eye of the law, fraud spoils everything it touches.”
 
 Mitchell v. Kintzer,
 
 5 Pa. 216, 217.
 

 There is no evidence that the plaintiff in any way induced or encouraged the defendant to spend any money for improvements or repairs on this property, in which he was living without paying rent. Nor is there any evidence of any laches. The plaintiff very promptly filed the bill after defendant’s deed was placed of record.
 

 We find no reason justifying this court in disturbing the disposition made of the case by the learned court below.
 

 Decree is affirmed at appellant’s costs.