Christman et vir. *v.* Segal, Appellant.

Argued November 11, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Ben Branch,* for appellant.

No brief was filed nor appearance made for appellees.

OPINION BY KENWORTHEY, J., November 18, 1942:

The opinion of this court on the merits appears in 143 Pa. Superior Ct. 87, 17 A. (2d) 676. The former appeals were taken by plaintiffs from an order of the court be-

low entering a judgment for defendant n.o.v. We reversed and entered judgments on the verdicts. Thereafter defendant filed a petition on which a rule was allowed to show cause why the court below "should not adjudge and determine as to the amount which should be paid by the defendant to the plaintiffs for the printing of plaintiffs' paper books on their said appeals to the Superior Court." The petition averred that, in violation of our Rule 66, 60 pages of irrelevant testimony were printed; that the only question raised by the former appeals was whether the wife-plaintiff was guilty of contributory negligence as a matter of law; and that not only the testimony pertaining to that question, but testimony relating to the nature and extent of her injuries, had been printed. The total record consisted of 189 pages. The cost of printing the unnecessary 60 pages is stated to be approximately $65.

Plaintiffs filed an answer denying that it was unnecessary to print the entire record and averring that defendant, if he were entitled to relief, has slept on his rights—that he should have filed, in the original proceeding in this court, a motion, under Rule 57, to suppress the record or quash the appeal.

Upon consideration of the petition and answer, but without taking testimony, the court made an order discharging the rule.

Section 5 of the Act of May 11, 1911, P. L. 279, 280, 12 PS 1200, provides in the alternative that either the lower court or the appellate court may, by order, limit the evidence to be printed on appeal. If, at appellant's request, the lower court directs the elimination of certain portions of the evidence, appellee may nevertheless print it, in which event the appellate court may order that the cost of printing be taxed as costs in the case. See *McCullough's Estate, (No. 2)* 292 Pa. 422, 141 A. 239, where this was done upon the petition of appellees after the Supreme Court had filed its original opinion *(McCullough's Estate, (No. 1)* 292 Pa. 177, 140 A.

865,) in which the judgment of the lower court was affirmed.

Our Rule 55 provides: "Evidence which has no relation to or connection with the questions raised by the assignments of error, must not be printed;" and "In order effectually to carry out the foregoing requirement, appellant shall file in the court below, before he commences the printing of the record, a brief statement of the questions he intends to argue on the appeal and of the evidence he does not intend to print, ...... If objections are made, the court below shall forthwith fix a time for hearing them, and shall then decide the dispute in accordance with, and subject to the provisions of the Act of May 11, 1911, P. L. 279. In passing on the materiality of evidence, the inquiry shall not be whether the court below deems the evidence substantial, but whether it refers to the particular contentions made by the litigant."

We think the proper construction of this Rule requires an appellant to file in the court below, before he commences the printing of the record, a brief statement of the questions he intends to argue even though he intends to print all the evidence. Since the party who is successful in the court below may ultimately be the losing party and be burdened with the costs, this practice would furnish appellee a suitable opportunity to minimize the costs by a reduction of the record to its essential proportions. No such statement was filed in the present case. But having been given no opportunity to raise the question in the court below, we think it better practice to require appellee to raise it either by a petition to suppress appellant's paper books or a petition to quash the appeal or at least to call the matter to our attention at the time of oral argument. This would facilitate the disposition of the question for this court because it would give us an opportunity to consider the matter at the same time the merits of the case

are passed upon. We do not regard it as a valid excuse for his failure to do either of these things that, at the time of argument in this court, appellee was the successful party. We think it is more reasonable to assume that, if a violation of the rule is not called to our attention at that time, the violation is deemed to be waived.

But we have examined carefully the pages of the original record which appellant contends were unnecessarily printed. Most of the evidence complained about consists of one-half to two-page excerpts from testimony. Undoubtedly, a number of the pages could have been eliminated if the aim had been to pare the record to the bone. But the Act of 1911 should be liberally construed (See *McCullough's Estate (No. 2)*, supra); it was intended to protect parties against printing expenses so large as to be burdensome and to relieve the appellate court of the burden of reading large amounts of irrelevant matter. The enforcement of it must be viewed with the proper perspective and so, partly because the objection was not raised at the time of the original argument and partly because we do not consider the violation to have been serious, we shall affirm the order. *Zidek v. West Penn Power Co.*, 145 Pa. Superior Ct. 103, 20 A. (2d) 810, relied on by appellant was a case which involved the narrow issue of the validity of a power of attorney and the appellant, in addition to printing the few pages of the testimony relevant to it, printed all the testimony relating to the manner in which the accident happened and the nature and extent of plaintiff's injuries.

The order is affirmed.