## Williamson *v.* Barrett et al., Appellants.

Argued October 27, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Hugh Roberts,* for appellants.

*Roland J. Christy,* for appellee.

OPINION BY KELLER, P. J., November 17, 1943:

This was an action of ejectment brought by Charles W. Williamson, to recover from the defendants, Roydon M. Barrett, Frank I. Barrett and Ida C. Barrett, possession of premises No. 816 Wynnewood Road, Philadelphia, in conformity with a judgment of this Court, (147 Pa. Superior Ct. 460, 24 A. 2d 546), affirming a decree of the Court of Common Pleas No. 5 of Philadelphia County, sitting in equity, (No. 2441 December Term, 1939), which adjudged and deceed that a certain deed of trust purporting to be signed by the plaintiff herein, which conveyed to Roydon M. Barrett, the son of the other two defendants, a half-interest in the abovementioned premises, under which they claimed the right of possession, was a forgery and null and void; and that the plaintiff, Charles W. Williamson, since May 2, 1938, is the sole owner of said premises and is accountable to no one for any interest therein; and which ordered the Recorder of Deeds to note in Deed

Book No. 866, at page 237, that the said purported deed of trust was cancelled and void by decree of said Court; and further ordered that the original purported deed of trust be marked cancelled and void and filed with the record in said cause.

The case was tried before a judge, sitting without a jury, who found in favor of the plaintiff, and that he was entitled to possession of the premises, and awarded damages at $35 per month from January 9, 1940, the date when plaintiff instituted his suit in equity, as above, and thereby gave defendants unequivocal notice of his denial of the defendants' interest in said property. Exceptions filed by defendants to the findings and decision of the trial judge were dismissed by the court and judgment was entered in conformity with the findings and decision. Defendants appealed.

The appeal might well be dismissed for flagrant disregard by appellants of the rules of this court. They have not printed the record in the court below, or complied with the Act of Assembly of May 11, 1911, P. L. 279, 12 P. S. §1200, or Rule 55 of this court, relating to notice to appellee of the parts of the record counsel did not intend to print; and although the appeal was taken on August 23, 1943, they did not ask that it be heard in forma pauperis, or argued on the original record. However, we have examined and considered the original record in the case, and we find no reversible error in the judgment appealed from.

The defendant Roydon M. Barrett's alleged right of possession of the premises as co-owner of the real estate was injected into the equity suit by him by way of defense, and Frank I. Barrett, though not a party to said suit, testified fully in support of his son's claim. Nevertheless defendant's request therein for a finding of fact, "that the plaintiff and Roydon M. Barrett were and are co-partners [in said real estate] each owning an undivided half interest in the premises", was refused

by the Chancellor (p. 95a). Roydon Barrett testified in the equity suit that he had paid his *father* $125 for a half interest in said real estate, and that he had never seen or met Williamson before the trial of that suit. (58a—See 147 Pa. Superior Ct. p. 464). Mrs. Barrett claimed no individual interest in the property.

In the light of these facts which were brought before the trial judge by the introduction in evidence of the record in the equity suit, no error was committed by him in ruling that the main issues raised in the present action had been adjudicated in the equity suit.

With respect to the claim of the defendant, Roydon M. Barrett, to be reimbursed for expenditures alleged to have been made by him for work and repairs on the property and payments for account of taxes and mortgage interest, etc., it is to be noted that this court did not hold in 147 Pa. Superior Ct. 460, supra, as contended by counsel for defendants, that Roydon M. Barrett was an innocent grantee. We said: "The appellant asserts that he is an innocent grantee who took the deed in good faith, has spent certain amounts of money for repairing the property, and that his legal status is not affected by the alleged forgery. He may be entirely guiltless of wrongdoing, but the plaintiff, on the other hand, is not to be the victim of a forged instrument and thereby be deprived of his property 'no matter what may be the bona fides of the party who claims under it.' Smith v. Markland, supra, [223 Pa. 605, 72 A. 1047] p. 631. 'In the eye of the law, fraud spoils everything it touches.' Mitchell v. Kintzer, 5 Pa. 216, 217. There is no evidence that the plaintiff in any way induced or encouraged the defendant to spend any money for improvements or repairs on this property, in which he was living without paying rent. Nor is there any evidence of any laches. The plaintiff very promptly filed the bill after defendant's deed was placed of record".

And further it is to be noted by a reference to Exhibit A attached to Roydon M. Barrett's answer, that every alleged payment or expenditure, for which he claimed reimbursement from the plaintiff, except the first:

"1938, May.    Cash for ½ interest in 816

Wynnewood Road, Philadelphia .... $125.00"

was made after the service on him of the bill in equity abovementioned, to declare the deed under which he claimed ownership in the property to be a forgery and to have it cancelled of record.

The alleged payments were all made with full knowledge of the plaintiff's attack on the validity of his title to any interest in the property.

Consideration of the original record fails to disclose any legal ground for reversing the findings and decision of the trial judge or disturbing the judgment of the court below. No evidence was submitted by the defendants, nor were any offers of evidence made by them, which would have warranted a different finding by the trial judge.

Judgment affirmed.