## Figlarowicz et al. *v.* Somerset Electrical Company, Inc., Appellant, et al.

Argued November 16, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellant.

*Max E. Cohen,* with him *Morris L. Rush,* for Master Iron and Metal Company, appellee.

*James F. Masterson,* for plaintiffs, appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1949:

Quoting from appellant's brief: "The only question raised on this appeal is the amount of the verdict."

Plaintiff, while standing on the sidewalk at the corner of two city streets, was hit and knocked down

by a truck of the Somerset Electrical Company as the result of a collision between it and another truck belonging to the Master Iron and Metal Company. He brought suit against both of these companies to recover damages for the injuries he sustained. The jury rendered a verdict in favor of the Master Iron and Metal Company, but against the Somerset Electrical Company in the sum of $25,000, which the court subsequently reduced to $15,000. Somerset Electrical Company, the present appellant, concedes its liability, but claims that the amount of the verdict, even as thus reduced, is grossly excessive.

Plaintiff is a married man, thirty years of age, the owner and operator of a gasoline service station. The accident occurred on February 17, 1947. Complaining of pains in his right side above the hip and along the center of his back he was taken to the Northeastern Hospital where his side was strapped and where he remained for two hours, and then to the office of Dr. Kyzwicki, who found him to be suffering from shock and minor contusions and gave him a sedative. He then went home where, except for some further visits to the doctor's office, he remained confined to his bed for a month and in and around the house for an additional six weeks. Dr. Kyzwicki administered to him diathermic treatments, and, on March 14, referred him to Dr. Donald T. Jones, an orthopedist, by which time Dr. Kyzwicki regarded him as being much improved. To Dr. Jones plaintiff complained of pain on the right side of his pelvis and extending down through the groin. Dr. Jones found some restriction of motion and tenderness in the lumbar region, and, on March 25, because of evidence of a muscle spasm, recommended a short body-cast which plaintiff wore for three weeks, and thereafter a low back-brace which he used for about three months. Dr. Jones was of the opinion that these mechanical aids would help in alleviating the pain, a result which was apparently achieved because by July

7 there remained only some pain between the shoulders. By September 8 general relief had been obtained by resort to nerve-blocking. At the trial, which took place on February 5, 1948, plaintiff complained that his right side and back still "bothered" him; he was then continuing to go to Dr. Jones for treatment about once a week but he admitted that he was performing all the various kinds of work connected with a service station, such as operating the pumps, changing oil, and lubricating cars in the grease pit, although he testified that he was not able to do these things as well as before the accident.

In determining the extent and significance of plaintiff's injuries the important facts to be considered are that all of the X-rays taken in connection with the diagnosis of his injuries proved negative, that he suffered no fractures, dislocations, or damage to any bones, joints or basic bodily structures, that there was no tearing or rupture of muscles, and that he was not obliged to undergo any surgical operation. None of the doctors who attended him testified that his injuries or pains were likely to be permanent or, indeed, to continue for any long period of time. All of his complaints, except for the few minor contusions and the temporary muscle spasm, have been subjective only. Having thus translated into laymen's language the more technical terms used by the medical witnesses in their testimony and which, as so employed, obviously impressed the jury, the magnitude of his injuries, past, present and prospective, may be fairly appraised.

Plaintiff's medical expenses amounted to $500. Due to his incapacity to carry on his work for a time he was compelled to hire an assistant from February 17 to May 3, 1947, another from March 10 to June 28, 1947, and a third from May 10, 1947 to January 16, 1948; apparently he was not employing any assistant at the time of the trial. The sum total of the amounts which

he paid to these three helpers was $2265.* There was not otherwise shown any loss of earnings or profits of the service station which he operated.

Of course, it cannot be overlooked that plaintiff has been obliged to endure considerable pain and suffering since the accident; it is also true that even up to the present time he has not regained his full capacity for work. After a careful review of all the testimony, and taking into consideration all the factors and circumstances bearing upon his injuries and his losses, we are of opinion that the verdict should be reduced to $10,000.

As thus modified, the judgment is affirmed.

---

* Wages paid to a person employed to perform necessary work for a plaintiff which he himself was able to perform before his injury is a recoverable item of damages: *McGonnell v. Pittsburgh Rys. Co.*, 234 Pa. 396, 400, 83 A. 282, 283; *Robb v. Niles-Bement-Pond Co., Inc.*, 269 Pa. 298, 301, 302, 112 A. 459, 460.