## Figlarowicz et al. v. Somerset Electrical Company et al.

*J. F. Masterson*, for plaintiffs.

*J. B. Martin* and *M. E. Cohen*, for defendants.

CRUMLISH, J., June 27, 1949.—Plaintiffs have excepted to the prothonotary's taxation of the bill of costs and have filed a petition and rule to show cause why defendant's bill should not be stricken off. The costs in question were for an appeal taken by de-

fendant to the Supreme Court where "The only question raised on . . . appeal (was) the amount of the verdict." Quoting from the opinion of the court: "Somerset Electrical Company, the present appellant, concedes its liability, but claims that the amount of the verdict . . . is grossly excessive." Appellant was successful in the Supreme Court in that the verdict was there reduced. The present exceptions to the taxation are twofold. If the first, that appellant was the losing party within the meaning of the controlling statutes, is sustained, then the second ground, that the costs for the printing of the record pages not necessary to the appealed question should be stricken, need not be considered.

As to the first, two statutes govern:

The Act of May 19, 1897, P. L. 67, sec. 21, 12 PS §1160, provides: "The costs in any appealed cause . . . shall be paid by the party finally losing the cause."

The Act of April 15, 1907, P. L. 83, sec. 1, as amended by the Act of April 27, 1909, P. L. 263, sec. 1, 12 PS §1193, provides:

"In all cases . . . wherein an appeal is taken from any judgment . . . the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal. The cost of printing the paperbook of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal."

The statutes have been interpreted in fixing liability for costs in a number of situations which give rise to a question as to where the liability lies. Since the situation before us is novel, it is necessary for us to classify the authorities in order to determine the ratio decidendi.

■ The dissatisfied winning party appeals, and, on appeal, the judgment of the trial court is affirmed with the result that appellant, although he retains the winning position he earned in the trial court, loses the appeal itself. Here appellant is not entitled to have appellee taxed for costs of the appeal: Matthews et ux., v. Tyrone Coal Co., 74 Pa. Superior Ct. 588 (1920) ; Mahony, Trustee, v. Boenning et al., 139 Pa. Superior Ct. 428 (1939). (Compare the language of the opinion in Coyne v. Lackawanna County, 23 Dist. R. 873, 874 (1914), holding contra.)

■ The losing party appeals; the judgment is reversed and a venire facias de novo awarded; on the second trial appellee (successful party in the first trial) again recovers. Here, again, appellant is not permitted to tax the appellee for the appeal costs: Pennsylvania Company v. Wallace, 44 Pa. Superior Ct. 64 (1910) ; Knoller v. Everett Realty Co., 65 Pa. Superior Ct. 169 (1916) ; Brandeis v. Charter Mutual Benefit Association, 163 Pa. Superior Ct. 204, 210-211 (1948). A similar situation is met where the successful party appeals from an order opening his judgment; the action of opening the judgment is affirmed on appeal, and at this stage appellant is the loser. At the trial, however, appellant from the order opening judgment is successful. Again, he is permitted recovery of the costs of the appeal: Tressler v. Emerick, 84 Pa. Superior Ct. 461 (1925).

■ The appellate court, reversing an n. o. v., enters judgment for an amount less than that of the verdict but in favor of appellant. Appellant in Soltaniuk, Exr., v. Metropolitan Life Insurance Co., 137 Pa. Superior Ct. 537 (1939), was allowed his costs. The reason in that case was that the judgment of the appellate court conformed to the point for binding instructions which appellee had made at the trial. Hence it was appellee's fault that the n. o. v. was not cor-

rect, because it was appellee's neglect to call the trial court's attention to the error which made the correction by the Superior Court necessary. This correction made appellee the losing party finally as to the appealed cause—the correctness of the n. o. v. Similarly, in Vogt v. Birch, 13 D. & C. 506 (1930), where the losing party appealed from a directed verdict, and, on appeal, the judgment was reversed and entered for appellee in an amount admitted by the parties to be due, appellant was allowed costs. The basis for this holding was that the amount admitted to be due was not in controversy either in the trial or on appeal. In other words, the controverted points were won by appellant even though, finally, judgment for the amount admittedly due was entered against him.

■ The losing party appeals on several grounds, one of which is the reduction of the verdict. He wins the appeal on one of the grounds, but he loses on the others; appellant is not entitled to costs: Henning v. Keiper, 43 Pa. Superior Ct. 177 (1910). (For the grounds for appeal in the Henning case, see it reported in 18 Dist. R. 139 (1909.))

From the above it appears that "cause" in the Act of 1897 refers to the question or questions on appeal. "Final decision" in the 1909 act refers to the final *result* of the appellate court's decision on appeal. To illustrate: In (1) appellant is the losing party because the question he appealed was decided adversely by the appellate court. In (2) the final decision of the appellate court depends upon the outcome of the second trial, and, as a result, if appellant loses on the second trial, he is the losing party. In (3) appellant is the winning party in that his contention, that the n. o. v. was error, was upheld. (4) shows that the party to collect costs must be successful on all the questions involved in the appealed cause.

This case is different from any of the above situations in that appellant, although appealing from a judgment, objected not to the whole judgment but particularized his cause to the excessiveness of the damages. The final decision of the Supreme Court on this question was with appellant. Appellee is, therefore, the party finally losing the cause appealed, whether or not the damages were excessive. On the theory of the above, appellee will pay the costs.

The second exception is that: "Defendant ... is in any event not entitled to charge for the cost of printing the entire record, as much of the record as printed was unnecessary for the purpose of appeal." The governing principles which must be followed in answering the question raised by this exception are found in Rule 55 of the Supreme Court and the Act of May 11, 1911, P. L. 279, sec. 5, 12 PS §1200. The pertinent portion of rule 55 reads as follows:

"Evidence which has no relation to or connection with the questions raised by the assignments of error, must not be printed; . . . appellant shall file in the court below, before he begins to print the record, a brief statement of the questions he intends to argue on the appeal in a general way, and of the evidence he does not intend to print, and shall serve copies thereof on appellee. . . . If objections are made, the court below shall forthwith fix a time for hearing them and shall then decide the dispute in accordance with and subject to the provisions of the Act of May 11, 1911, P. L. 279."

The act referred to reads (section 5, 12 PS §1200):

". . . if they (appellant and appellee) cannot agree, the court below, upon motion of appellants and notice to appellee, may order that any part or portion of the evidence may be omitted by appellant in printing the transcript for the purpose of review in such case."

In construing the latter act it was said in McCullough's Estate, 292 Pa. 422, 425 (1928):

". . . It was not intended to be a means of excluding evidence, introduced in the court below, which appellant thinks does not affect the points he intends to argue, if such evidence can properly be used to sustain the order, judgment, or decree from which the appeal is taken . . . we provided in Rule 55 . . . that 'In passing on the materiality of evidence (proposed to be printed), the inquiry shall not be whether the court below deems the evidence substantial, but whether it refers to the particular contentions made by the litigants.' "

In Christman et vir v. Segal, 150 Pa. Superior Ct. 516, 519, 520 (1942), the following comment was made on rule 55:

"We think the proper construction of this Rule requires an appellant to file in the court below, before he commences the printing of the record, a brief statement of the questions he intends to argue even though he intends to print all the evidence. Since the party who is successful in the court below may ultimately be the losing party and be burdened with the costs, this practice would furnish appellee a suitable opportunity to minimize the costs by a reduction of the record to its essential proportions. No such statement was filed in the present case. *But having been given no opportunity to raise the question in the court below, we think it better practice to require appellee to raise it either by a petition to suppress appellant's paper books or a petition to quash the appeal or at least to call the matter to our attention at the time of oral argument . . . We think it . . . reasonable to assume that, if a violation of the rule is not called to our attention at that time, the violation is deemed to be waived.*" (Italics supplied.)

In the Christman case the failure of appellee to object to the printing of all the record at the time of argument was not the only ground for not allowing it to be considered later. At times, appellate courts have changed the normal burden of costs, but this occurs either (in line with the procedure suggested in the Christman case) when appellee raises the issue in the appeal on the merits or when the violation is so flagrant that the court, on appeal, raises the question of its own accord: Long's Estate 143 Pa. Superior Ct. 176 (1940); Zidek v. West Penn Power Co. 145 Pa. Superior Ct. 103 (1941). The failure of the parties to comply with rule 55 may result, it was said in Shapiro v. Malarkey, 278 Pa. 78 (1923), in "a suppression of the offending records, and a dismissal of the appeals in such cases." See also Williamson v. Barrett et al., 153 Pa. Superior Ct. 520, 522 (1943).

Since the question of how much of the record should have been printed was not raised before or at the appeal, the only standard now to be used in determining the materiality of the evidence is a hindsight view of the weight given the disputed portions by a reference to the opinion of the Supreme Court. At page 589 in Figlarowicz et al. v. Somerset Electrical Co., 360 Pa. 586 (1949), the court said:

"After a careful review of all the testimony, and taking into consideration all the factors and circumstances bearing upon his injuries and his losses, we are of opinion that the verdict should be reduced to $10,000."

Apparently, the court considered even the testimony which counsel agreed, at the time of taxing, to strike from the bill, and, therefore, appellee, in the light of the above interpretation of the pertinent statute and rule (Christman v. Segal, supra; McCul-

lough's Estate, *supra*) is not in a position to complain.

For the above reasons, plaintiffs' exceptions to the prothonotary's taxation of defendant's bill of costs are dismissed.