**Rule 902.  Evidence That Is Self-Authenticating**

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1)** **Domestic Public Documents That Are Sealed and Signed.**  A document that bears:

(A)     a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

(B)     a signature purporting to be an execution or attestation.

**(2)** **Domestic Public Documents That Are Not Sealed But Are Signed and Certified.**  A document that bears no seal if:

(A)     it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

(B)     another public officer who has a seal and official duties within that same entity certifies under seal – or its equivalent – that the signer has the official capacity and that the signature is genuine.

**(3)** **Foreign Public Documents.**  A document that purports to be signed or attested by a person who is authorized by a foreign country's law to do so. The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester – or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation.  The certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States.  If all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may for good cause, either:

(A)     order that it be treated as presumptively authentic without final certification; or

(B)     allow it to be evidenced by an attested summary with or without final certification.

**(4)    Certified Copies of Public Records.**  A copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law– if the copy is certified as correct by:

(A)     the custodian or another person authorized to make the certification; or

(B)     a certificate that complies with Rule 902(1), (2), or (3), a statute or a rule prescribed by the Supreme Court.

**(5)    Official Publications.**  A book, pamphlet, or other publication purporting to be issued by a public authority.

**(6)    Newspapers and Periodicals.**  Printed material purporting to be a newspaper or periodical.

**(7)    Trade Inscriptions and the Like.**  An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

**(8)    Acknowledged Documents.**  A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

**(9)    Commercial Paper and Related Documents.**  Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law.

**(10)   Presumptions Authorized by Statute.**  A signature, document, or anything else that a statute declares to be presumptively or prima facie genuine or authentic.

**(11)   Certified Domestic Records of a Regularly Conducted Activity.**  The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as  shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

2

**(12)** **Certified Foreign Records of a Regularly Conducted Activity.** In a civil case, the original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification rather than complying with a statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

**(13)** **Certificate of Non-Existence of a Public Record.** A certificate that a document was not recorded or filed in a public office as authorized by law if certified by the custodian or another person authorized to make the certificate.

### Comment

This rule permits some evidence to be authenticated without extrinsic evidence of authentication or identification. In other words, the requirement that a proponent must present authentication or identification evidence as a condition precedent to admissibility, as provided by Pa.R.E. 901(a), is inapplicable to the evidence discussed in Pa.R.E. 902. The rationale for the rule is that, for the types of evidence covered by Pa.R.E. 902, the risk of forgery or deception is so small, and the likelihood of discovery of forgery or deception is so great, that the cost of presenting extrinsic evidence and the waste of court time is not justified. Of course, this rule does not preclude the opposing party from contesting the authenticity of the evidence. In that situation, authenticity is to be resolved by the finder of fact.

Pa.R.E. 902(1), (2), (3) and (4) deal with self-authentication of various kinds of public documents and records. They are identical to F.R.E. 902(1), (2), (3) and (4), except that Pa.R.E. 901(4) eliminates the reference to Federal law. These paragraphs are consistent with Pennsylvania statutory law. *See, e.g.* 42 Pa.C.S. § 6103 (official records within the Commonwealth); 42 Pa.C.S. § 5328 (domestic records outside the Commonwealth and foreign records); 35 P.S. § 450.810 (vital statistics); 42 Pa.C.S. § 6106 (documents filed in a public office).

**The admission of a self-authenticating record of a prior conviction also requires sufficient evidence, either direct or circumstantial, to prove that the subject of the record is the same person for whom the record is offered in a proceeding. *See, e.g., Commonwealth v. Boyd*, 344 A.2d 864 (Pa. 1975).**

Pa.R.E. 902(5), (6) and (7) are identical to F.R.E. 902(5), (6) and (7). There are no corresponding statutory provisions in Pennsylvania; however, 45 Pa.C.S. § 506

3

(judicial notice of the contents of the Pennsylvania Code and the Pennsylvania Bulletin) is similar to Pa.R.E. 902(5).

Pa.R.E. 902(8) is identical to F.R.E. 902(8).  It is consistent with Pennsylvania law.  *See Sheaffer v. Baeringer*, **[346 Pa. 32,]** 29 A.2d 697 (**Pa.** 1943); *Williamson v. Barrett*, **[147 Pa. Super. 460,]** 24 A.2d 546 (**Pa. Super.** 1942); 21 P.S. §§ 291.1-291.13 (Uniform Acknowledgement Act); **[57 P.S. §§ 147-169 (Notary Public Law)]** <u>57 Pa.C.S. §§ 301-331 (Revised Uniform Law on Notarial Acts)</u>.  An acknowledged document is a type of official record and the treatment of acknowledged documents is consistent with Pa.R.E. 902(1), (2), (3), and (4).

Pa.R.E. 902(9) is identical to F.R.E. 902(9).  Pennsylvania law treats various kinds of commercial paper and documents as self-authenticating.  *See, e.g.*, 13 Pa.C.S. § 3505 (evidence of dishonor of negotiable instruments).

Pa.R.E. 902(10) differs from F.R.E. 902(10) to eliminate the reference to Federal law and to make the paragraph conform to Pennsylvania law.  In some Pennsylvania statutes, the self-authenticating nature of a document is expressed by language creating a "presumption" of authenticity.  *See, e.g.,* 13 Pa.C.S. § 3505.

Pa.R.E. 902(11) and (12) permit the authentication of domestic and foreign records of regularly conducted activity by verification or certification. Pa.R.E. 902(11) is similar to F.R.E. 902(11).  The language of Pa.R.E. 902(11) differs from F.R.E. 902(11) in that it refers to Pa.R.C.P. No. 76 rather than to Federal law. Pa.R.E. 902(12) differs from F.R.E. 902(12) in that it requires compliance with a Pennsylvania statute rather than a Federal statute.

Pa.R.E. 902(13) has no counterpart in the Federal Rules.  This rule provides for the self-authentication of a certificate of the non-existence of a public record, as provided in Pa.R.E. 803(10)(A).

Note:  Adopted May 8, 1998, effective October 1, 1998; amended November 2, 2001, effective January 1, 2002; amended February 23, 2004, effective May 1, 2004; rescinded and replaced January 17, 2013, effective March 18, 2013; amended November 7, 2016, effective January 1, 2017**; amended June 12, 2017, effective November 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the November 2, 2001 amendments adding paragraphs (11) and (12) published with Court's Order at 31 Pa.B. 6384 (November 24, 2001).

Final Report explaining the February 23, 2004 amendment of paragraph (12) published with Court's Order at 34 Pa.B. 1429 (March 13, 2004).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013).

Final Report explaining the November 7, 2016 addition of paragraph (13) published with the Court's Order at **46** Pa.B. **7436** (**November 26**, 2016).

**Final Report explaining the June 12, 2017 amendment of the Comment published with the Court's Order at 47 Pa.B.        (            , 2017).**