# ARTICLE IX.  AUTHENTICATION AND IDENTIFICATION

*    *    *

## Rule 902.  Evidence That Is Self-Authenticating

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1)** **Domestic Public Documents That Are Sealed and Signed.**  A document that bears:

  **(A)** a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

  **(B)** a signature purporting to be an execution or attestation.

**(2)** **Domestic Public Documents That Are Not Sealed But Are Signed and Certified.**  A document that bears no seal if:

  **(A)** it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

  **(B)** another public officer who has a seal and official duties within that same entity certifies under seal – or its equivalent – that the signer has the official capacity and that the signature is genuine.

**(3)** **Foreign Public Documents.**  A document that purports to be signed or attested by a person who is authorized by a foreign country's law to do so. The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester – or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation.  The certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States.  If all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may for good cause, either:

(A) order that it be treated as presumptively authentic without final certification; or

(B) allow it to be evidenced by an attested summary with or without final certification.

**(4)** **Certified Copies of Public Records.** A copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law– if the copy is certified as correct by:

(A) the custodian or another person authorized to make the certification; or

(B) a certificate that complies with Rule 902(1), (2), or (3), a statute or a rule prescribed by the Supreme Court.

A certificate required by paragraph (4)(B) may include a handwritten signature, a copy of a handwritten signature, a computer generated signature, or a signature created, transmitted, received, or stored by electronic means, by the signer or by someone with the signer's authorization. A seal may, but need not, be raised.

**(5)** **Official Publications.** A book, pamphlet, or other publication purporting to be issued by a public authority.

**(6)** **Newspapers and Periodicals.** Material purporting to be a newspaper or periodical.

**(7)** **Trade Inscriptions and the Like.** An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

**(8)** **Acknowledged Documents.** A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

**(9)** **Commercial Paper and Related Documents.** Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law.

**(10)** **Presumptions Authorized by Statute.** A signature, document, or anything else that a statute declares to be presumptively or *prima facie* genuine or authentic.

**(11)** **Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

**(12)** **Certified Foreign Records of a Regularly Conducted Activity.** The original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification rather than complying with a statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

**(13)** **Certified Records Generated by an Electronic Process or System. A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).**

**(14)** **Certified Data Copied from an Electronic Device, Storage Medium, or File. Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).**

**(15)** **Certificate of Non-Existence of a Public Record.** A certificate that a document was not recorded or filed in a public office as authorized by law if certified by the custodian or another person authorized to make the certificate.

**Comment**

This rule permits some evidence to be authenticated without extrinsic evidence of authentication or identification.  In other words, the requirement that a proponent must present authentication or identification evidence as a condition precedent to admissibility, as provided by Pa.R.E. 901(a), is inapplicable to the evidence discussed in Pa.R.E. 902.  The rationale for the rule is that, for the types of evidence covered by Pa.R.E. 902, the risk of forgery or deception is so small, and the likelihood of discovery of forgery or deception is so great, that the cost of presenting extrinsic evidence and the waste of court time is not justified.  Of course, this rule does not preclude the opposing party from contesting the authenticity of the evidence.  In that situation, authenticity is to be resolved by the finder of fact.

Pa.R.E. 902(1), (2), (3), and (4) deal with self-authentication of various kinds of public documents and records.  They are identical to F.R.E. 902(1), (2), (3), and (4), except that Pa.R.E. 901(4) eliminates the reference to Federal law and does not require the certificate to include a pen-and-ink signature or raised seal for the self-authentication of public documents.  These paragraphs are consistent with Pennsylvania statutory law.  *See, e.g.* 42 Pa.C.S. § 6103 (official records within the Commonwealth); 42 Pa.C.S. § 5328 (domestic records outside the Commonwealth and foreign records); 35 P.S. § 450.810 (vital statistics); 42 Pa.C.S. § 6106 (documents filed in a public office).

The admission of a self-authenticating record of a prior conviction also requires sufficient evidence, either direct or circumstantial, to prove that the subject of the record is the same person for whom the record is offered in a proceeding.  *See, e.g., Commonwealth v. Boyd*, 344 A.2d 864 (Pa. 1975).

Pa.R.E. 902(4) differs from F.R.E. 902(4) insofar as the rule does not require the certificate to include a pen-and-ink signature or raised seal for the self-authentication of public documents.

Pa.R.E. 902(5) is identical to F.R.E. 902(5).  There is no corresponding statutory provision in Pennsylvania; however, 45 Pa.C.S. § 506 (judicial notice of the contents of the Pennsylvania Code and the Pennsylvania Bulletin) is similar to Pa.R.E. 902(5).

Pa.R.E. 902(6) differs from F.R.E. 902(6) insofar as it does not contain "printed" in reference to newspapers or periodicals.  *Cf.* F.R.E. 101(b)(6) ("[A] reference to any kind of written material or any other medium includes electronically stored information.").  A newspaper or periodical should be available to the public online, digitally, or in print, principally devoted to the dissemination of local or general news and other editorial content, adherent to journalistic ethics and standards, and updating its content on a

regular basis.  For online newspapers and periodicals, links to other web content may be included, but the core content must reside on a server or website.

Pa.R.E. 902(6) permits both printed and digital newspapers and periodicals to be self-authenticated.  Evidence purported to be an article or item from a newspaper or periodical must contain sufficient indicia of its original publication, including, but not limited to, the publication's title; the date of publication; page or volume of the article or item, if the content appeared in print; and web address, if applicable, where the article or item was originally published.

Pa.R.E. 902(7) is identical to F.R.E. 902(7).

Pa.R.E. 902(8) is identical to F.R.E. 902(8).  It is consistent with Pennsylvania law.  *See Sheaffer v. Baeringer*, 29 A.2d 697 (Pa. 1943); *Williamson v. Barrett*, 24 A.2d 546 (Pa. Super. 1942); 57 Pa.C.S. §§ 301-331 (Revised Uniform Law on Notarial Acts).  An acknowledged document is a type of official record and the treatment of acknowledged documents is consistent with Pa.R.E. 902(1), (2), (3), and (4).

Pa.R.E. 902(9) is identical to F.R.E. 902(9).  Pennsylvania law treats various kinds of commercial paper and documents as self-authenticating.  *See, e.g.*, 13 Pa.C.S. § 3505 (evidence of dishonor of negotiable instruments).

Pa.R.E. 902(10) differs from F.R.E. 902(10) to eliminate the reference to Federal law and to make the paragraph conform to Pennsylvania law.  In some Pennsylvania statutes, the self-authenticating nature of a document is expressed by language creating a "presumption" of authenticity.  *See, e.g.,* 13 Pa.C.S. § 3505.

Pa.R.E. 902(11) and (12) permit the authentication of domestic and foreign records of regularly conducted activity by verification or certification.  Pa.R.E. 902(11) is similar to F.R.E. 902(11).  The language of Pa.R.E. 902(11) differs from F.R.E. 902(11) in that it refers to Pa.R.C.P. No. 76 rather than to Federal law.  Pa.R.E. 902(12) differs from F.R.E. 902(12) in that it requires compliance with a Pennsylvania statute rather than a Federal statute.

**Pa.R.E. 902(13) is identical to F.R.E. 902(13).  This rule establishes a procedure by which parties can authenticate certain electronic evidence other than through the testimony of a foundation witness.  The rule specifically allows the authenticity foundation that satisfies Rule 901(b)(9) to be established by a certification rather than the testimony of a live witness.  A proponent establishing authenticity under this rule must present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial. If the certification provides information that would be**

**insufficient to authenticate the record if the certifying person testified, then authenticity is not established under this rule.**

**A certification under this rule can establish only that the proffered item has satisfied the admissibility requirements for authenticity. The opponent remains free to object to admissibility of the proffered item on other grounds - including hearsay, relevance, or in criminal cases the right to confrontation. For example, a certification authenticating a computer output, such as a spreadsheet or a printout of a webpage, does not preclude an objection that the information produced is unreliable - the authentication establishes only that the output came from the computer.**

**The reference to the "certification requirements of Rule 902(11) or (12)" is only to the procedural requirements for a valid certification. There is no intent to require, or permit, a certification under this rule to prove the requirements of Rule 803(6). Rule 902(13) is solely limited to authentication of a record generated by an electronic process or system and any attempt to satisfy a hearsay exception must be made independently.**

**A challenge to the authenticity of electronic evidence may require technical information about the system or process at issue, including possibly retaining a forensic technical expert; such factors will affect whether the opponent has a fair opportunity to challenge the evidence given the notice provided.**

**Nothing in Rule 902(13) is intended to limit a party from establishing authenticity of electronic evidence on any ground provided in these Rules.**

**Pa.R.E. 902(14) is identical to F.R.E. 902(14). This rule establishes a procedure by which parties can authenticate data copied from an electronic device, storage medium, or an electronic file, using a certificate rather than through the testimony of a foundation witness. A proponent establishing authenticity under this rule must present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial. If the certification provides information that would be insufficient to authenticate the record if the certifying person testified, then authenticity is not established under this rule.**

**Today, data copied from electronic devices, storage media, and electronic files are ordinarily authenticated by "hash value." A hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file. If the hash values for the original and copy are different, then the copy is not identical to the original. If the hash values for the original and copy are the same, it is highly improbable that the original and copy are not identical. Thus, identical hash values for the**

6

**original and copy reliably attest to the fact that they are exact duplicates. This Rule allows self-authentication by a certification of a qualified person that she checked the hash value of the proffered item and that it was identical to the original. The Rule is flexible enough to allow certifications through processes other than comparison of hash value, including by other reliable means of identification provided by future technology.**

**A certification under this rule can only establish that the proffered item is authentic. The opponent remains free to object to admissibility of the proffered item on other grounds - including hearsay, relevance, or in criminal cases the right to confrontation. For example, in a criminal case in which data copied from a hard drive is proffered, the defendant can still challenge hearsay found in the hard drive, and can still challenge whether the information on the hard drive was placed there by the defendant.**

**The reference to the "certification requirements of Rule 902(11) or (12)" is only to the procedural requirements for a valid certification. There is no intent to require, or permit, a certification under this rule to prove the requirements of Rule 803(6). Rule 902(14) is solely limited to authentication, and any attempt to satisfy a hearsay exception must be made independently.**

**A challenge to the authenticity of electronic evidence may require technical information about the system or process at issue, including possibly retaining a forensic technical expert; such factors will affect whether the opponent has a fair opportunity to challenge the evidence given the notice provided.**

**Nothing in Rule 902(14) is intended to limit a party from establishing authenticity of electronic evidence on any ground provided in these Rules.**

Pa.R.E. 902**[(13)] (15)** has no counterpart in the Federal Rules. This rule provides for the self-authentication of a certificate of the non-existence of a public record, as provided in Pa.R.E. 803(10)(A).

Note: Adopted May 8, 1998, effective October 1, 1998; amended November 2, 2001, effective January 1, 2002; amended February 23, 2004, effective May 1, 2004; rescinded and replaced January 17, 2013, effective March 18, 2013; amended November 7, 2016, effective January 1, 2017; amended June 12, 2017, effective November 1, 2017; amended October 22, 2019, effective January 1, 2020; **amended November 4, 2019, effective January 2, 2020**.

Committee Explanatory Reports:

Final Report explaining the November 2, 2001 amendments adding paragraphs (11) and (12) published with Court's Order at 31 Pa.B. 6384 (November 24, 2001).

Final Report explaining the February 23, 2004 amendment of paragraph (12) published with Court's Order at 34 Pa.B. 1429 (March 13, 2004).  Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013).  Final Report explaining the November 7, 2016 addition of paragraph (13) published with the Court's Order at 46 Pa.B. 7436 (November 26, 2016).  Final Report explaining the June 12, 2017 amendment of the Comment published with the Court's Order at 47 Pa.B. 3491 (June 24, 2017).  Final Report explaining the October 22, 2019 amendment of paragraphs (4), (6), and (12) published with the Court's Order at 49 Pa.B. ___ (_____, 2019).  **Final Report explaining the November 4, 2019 adoption of paragraphs (13) and (14) published with the Court's Order at 49 Pa.B. ____ (_____, 2019).**